```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                          SOUTHERN DIVISION

 3    United States of America,

 4                          Plaintiff,

 5    -v-                                    Case No. 22-20504

 6    Aws Mohammed Naser,

 7                          Defendant.
      _____/
 8
                            STATUS CONFERENCE
 9                           April 5, 2023

10           BEFORE THE HONORABLE DENISE PAGE HOOD
                  United States District Judge
11
             Theodore Levin United States District Courthouse
12                  231 West Lafayette Boulevard
                         Detroit, Michigan
13

14    APPEARANCES:

15    FOR THE PLAINTIFF:    SAIMA MOHSIN
                            United States Attorney's Office
16                          211 West Fort Street, Suite 2001
                            Detroit, Michigan  48226
17                             and
                            DMITRIY SLAVIN
18                          DOJ-NSD, Counterterrorism Section
                            950 Pennsylvania Avenue NW, Suite 7600
19                          Washington, DC  20530

20    FOR THE DEFENDANT:    JAMES GEROMETTA
                            AMANDA BASHI
21                          Federal Community Defender
                            613 Abbott Street, Fifth Floor
22                          Detroit, Michigan  48226

23

24              To Obtain a Certified Transcript Contact:
                Rene L. Twedt, CSR-2907, RDR, CRR, CRC
25                       www.transcriptorders.com
```

| | |
|---|---|
| 1 | **TABLE OF CONTENTS** |
| 2 | **MATTER**                                          **PAGE** |

**STATUS CONFERENCE**

SUMMARY OF PROCEDURAL POSTURE OF THE CASE
Remarks by the Court.................................... 4
Remarks by Ms. Mohsin.................................. 6
Remarks by Mr. Gerometta.............................. 12
DISCUSSION RE: PRODUCTION OF DISCOVERY MATERIALS
Remarks by Mr. Gerometta.............................. 13
Remarks by Ms. Mohsin................................. 14
DISCUSSION RE: PROTECTIVE ORDER
Remarks by Ms. Mohsin................................. 15
Remarks by Mr. Gerometta.............................. 17
DISCUSSION RE: STATUS CONFERENCE DATE
Remarks by Ms. Mohsin................................. 19
Remarks by Mr. Gerometta.............................. 21
Further Remarks by Ms. Mohsin......................... 24
DISCUSSION RE: DEFENDANT'S STATE PAROLE DATE
Remarks by Ms. Mohsin................................. 24
Remarks by Mr. Gerometta.............................. 25
DISCUSSION RE: CLEARANCE FOR COURT PERSONNEL
Remarks by Ms. Mohsin................................. 25
Remarks by Mr. Gerometta.............................. 26
DISCUSSION RE: COMPLEX CASE DESIGNATION
Remarks by Ms. Mohsin................................. 27
Remarks by Mr. Gerometta.............................. 29

CERTIFICATE OF COURT REPORTER......................... 31

1    Detroit, Michigan

2    April 5, 2023

3    3:35 p.m.

4                              *      *      *

5              THE CLERK:  All rise.  United States District Court

6    for the Eastern District of Michigan is now in session, the

7    Honorable Denise Page Hood presiding.

8              You may be seated.

9              Calling Case Number 22-20504, United States of

10   America versus Aws Mohammed Naser.

11             Counsel, please place your appearances on the record.

12             MS. MOHSIN:  Good afternoon, your Honor.  Saima

13   Mohsin, Assistant United States Attorney, appearing on behalf

14   of the United States.

15             To my left is trial attorney Dmitriy Slavin of the

16   National Security Division, who is my partner on this case.

17             Good afternoon, your Honor.

18             THE COURT:  Good afternoon.

19             MR. SLAVIN:  Good afternoon.

20             MR. GEROMETTA:  James Gerometta on behalf of the

21   defendant, to my right.

22             Also with me is Amanda Bashi from my office, Deputy

23   Defender, Assistant Federal Defender.

24             And behind us is Allen Fields, our paralegal,

25   your Honor.

Status Conference - April 5, 2023

1           THE COURT:  Okay.  Good afternoon to you too.

2           You may all be seated.

3           This case was recently assigned to me, and so we're

4    here on the motions that are pending; is that right?

5           And are there any other dates that have been set?

6           I have a motion to amend the protective order.  I

7    actually have two.  They are Documents 103 and 116.

8           No, that's wrong.  I'm sorry.

9           They are ECF Number 38 and 39; is that right?

10          MS. MOHSIN:  So Judge, I'm not sure.  I don't have

11   the docket entry for the motion to amend, because that was

12   just filed today.

13          If the Court would prefer, I can kind of bring you

14   up to speed procedurally on where we are in the case.

15          THE COURT:  Okay.  Let me just tell you what else I

16   have.

17          I have also ECF 18, which is a stipulation and

18   protective order, which I think goes with -- is part of the

19   subject of those two motions, and I have the indictment.

20          And he's already been arraigned on the indictment;

21   is that correct?

22          MS. MOHSIN:  Yes.

23          THE COURT:  Okay.  And did the prior judge have any

24   hearings or dates set on this?

25          Well, I guess that's part of you bringing me up to

1   date; right?

2            MS. MOHSIN:  Yes, it is, Judge.  Thank you.

3            THE COURT:  Okay.  All right.  Very good.

4            Mr. Gerometta, is that okay with you to proceed in

5   that way?

6            MR. GEROMETTA:  Yes, your Honor.

7            THE COURT:  Okay.  And then if you think you want to

8   say something about the posture of it so far, you can have a

9   turn.  Okay?  Yes?

10           MR. GEROMETTA:  Yes, your Honor.  I'm sorry.

11           THE COURT:  Is that okay with you?

12           MR. GEROMETTA:  Yes.  Perfect.

13           THE COURT:  All right.  Very good.

14           Yes, counsel, go ahead.  Are you comfortable there or

15  would you rather be at the podium?

16           MS. MOHSIN:  This would be perfect, if you can hear

17  me.

18           THE COURT:  I can.  And should I note for the record

19  that my -- one of my law clerks and my case manager are here,

20  and Ms. Twedt, who is a pre-approved person in a case like

21  this is also present --

22           MS. MOHSIN:  Thank you, your Honor.  In fact --

23           THE COURT:  -- as the court reporter.

24           MS. MOHSIN:  -- I am going to come to the podium and

25  address the Court.

1              THE COURT:  Okay.

2              MS. MOHSIN:  Apologize if you can't hear me with

3     this mask.

4              So Judge, yesterday the government emailed to the

5     Court's case manager, at her request, a memorandum, a very

6     brief memorandum, and I'm going to sort of highlight for the

7     Court what is contained within that memorandum.

8              THE COURT:  Okay.

9              MS. MOHSIN:  And this was agreed upon by the parties.

10    So it is a joint memorandum.

11             THE COURT:  Okay.  It doesn't say that, but I assumed

12    that.  So I am happy -- I did look at this.  So I'm happy to

13    have you highlight it.

14             MS. MOHSIN:  Sure.

15             So as the Court is aware, the government -- there is

16    an indictment in this case.  The defendant has been arraigned

17    on the indictment.  He consented to pretrial detention.

18             The defendant is charged in two counts.  One count is

19    attempted material -- excuse me.

20             Count 1 relates to attempting to provide material

21    support and resources, including personnel and services, to

22    a foreign terrorist organization, specifically ISIS, in

23    violation of 18 USC 2339(b).  This is, as charged, a federal

24    crime of terrorism.

25             The defendant is also charged with being a felon

1    in possession of a destructive device in violation of

2    18 USC 922(g).

3           The parties in this case, shortly after the

4    defendant's arraignment, met to discuss discovery and the need

5    for a protective order.  And a protective order was issued by

6    Judge Borman on December 12, 2022, that's ECF Number 18, based

7    upon the stipulation of the parties.

8           Around December 16, the defendant had filed pro se

9    motions.  One motion -- in one motion he provided the Court

10   with notice asserting his right to a speedy trial and

11   demanding Rule 16 materials be provided to him, and he

12   also filed a motion to dismiss.

13          Now, the government moved to strike those motions,

14   counsel for the defendant opposed, and the Court issued an

15   order striking the motions on January 10.  So those motions

16   are currently not before the Court.

17          THE COURT:  When you say the parties met and

18   discussed the need for a protective order and some other

19   issues, that the parties met, does that mean the defendant was

20   also present?

21          MS. MOHSIN:  No, your Honor.  Counsel for the defense

22   and the government met.

23          THE COURT:  All right.

24          MS. MOHSIN:  The government produced a very large

25   quantity of discovery on December 21, 2022.  The specifics of

1   that are included in the government's memorandum in paragraph

2   6.  But it was about 4,784 pages, 3.1 gigabytes of digital

3   media.  And then there's other information provided

4   in paragraph 6 about the volume of the discovery that has been

5   provided to date.

6            The government then filed a notice of intent to use

7   FSA information in this case, or Foreign Surveillance Act

8   information.  The government also asked the Court to appoint

9   a classified information security officer, often referred to

10  as CISO.  Judge Borman appointed a CISO.

11           The CISO that was appointed is Matthew Mullery, who

12  I would identify in the courtroom.  He is the gentleman seated

13  in the last row.

14           If you could stand, Mr. Mullery.

15           THE COURT:  Okay.  I think I've met Mr. Mullery

16  before.  Is that right, Mr. Mullery?

17           MR. MULLERY:  Yes, your Honor.

18           THE COURT:  Right.  Okay.  Not on this case, but I

19  have met him before.

20           Go ahead, counsel.

21           MS. MOHSIN:  The government also filed -- and this is

22  ECF Number 22 -- a motion for a pretrial conference related

23  to the Classified Information Protection Act or CIPA.  And I

24  think, Judge, that in light of the fact that the case has been

25  assigned to you, an additional conference may be necessary in

1    light of this reassignment.

2            THE COURT:  Okay.

3            MS. MOHSIN:  And I will also note that the government

4    filed an order designating this case as a complex case and

5    for excludable delay, ECF 25.  That motion is currently

6    outstanding.  It has not been ruled upon by Judge Borman.

7            THE COURT:  The motion at Number 25, is that what

8    you're referring to?

9            MS. MOHSIN:  Yes.  Yes, Judge.

10           THE COURT:  Motion for an order designating it a

11   complex case?

12           MS. MOHSIN:  That's correct, Judge.

13           THE COURT:  Okay.

14           MS. MOHSIN:  The defense has opposed that motion,

15   and we had a hearing on that motion before Judge Borman on

16   January 11, and Judge Borman held that motion in abeyance.

17   And so that's -- that motion is still pending.  It was held

18   in abeyance.

19           THE COURT:  And is there a transcript already ordered

20   and provided?

21           MS. MOHSIN:  Not by the government, Judge.

22           THE COURT:  Okay.  Who transcribed it, do you recall?

23           MR. GEROMETTA:  No.  I don't believe it's been

24   transcribed, no.

25           THE COURT:  Do you know who the court reporter was?

```
 1              MS. MOHSIN:  Was it Rene?  No.

 2              THE CLERK:  It was Leann Lizza.

 3              THE COURT:  Oh, okay.  All right.

 4              MS. MOHSIN:  I will note for the Court that the

 5    defendant moved to withdraw a waiver of interstate agreement

 6    on detainers and that issue was resolved.

 7              The Court granted the defendant's request to remain

 8    in federal custody during the pendency of this case.  The

 9    defendant is also in MDOC custody in relation to parole

10    violations and a term that he is serving in MDOC, but he will

11    remain in federal custody during the pendency of this case.

12              THE COURT:  Okay.  All right.  And does that mean he

13    is at a federal institution?

14              MS. MOHSIN:  Yes, your Honor.  I believe he is at

15    Milan.

16              THE COURT:  Okay.

17              MS. MOHSIN:  Judge Borman filed a notice of

18    disqualification at the time when the CISO, Mr. Mullery,

19    was working with Judge Borman and his staff in an attempt to

20    gain security clearance for members of staff.

21              And I would -- I would like to address that issue

22    as well after we complete the review of the status.

23              THE COURT:  Okay.

24              MS. MOHSIN:  There is some information in this

25    memorandum to the Court about the types of evidence that
```

1    the government intends to -- that the government has and where

2    it comes from, and that's contained in paragraph 10; for

3    instance, as it relates to, you know, various searches and

4    seizures, and recordings and emails and things of that nature,

5    the volume of materials that are in Arabic and will require

6    translation and verbatim transcription.

7           There's also some information about the types of

8    expert witness testimony that the government anticipates or

9    is seeking to introduce at trial in paragraph 11, including

10   chemistry, explosives, latent print analysis, ISIS, ISIS

11   propaganda, drones, and handwriting.

12          And then there is the Classified Information

13   Protection Act-related material, and the hearing that I had

14   mentioned that the parties need to have with respect to CIPA.

15          THE COURT:  Okay.

16          MS. MOHSIN:  Pending before the Court, as I

17   indicated, is that complex case motion that also relates to

18   speedy trial, and a new motion that the government filed today

19   after providing the defense with evidence that the government

20   believes the defendant has violated the protective order that

21   was issued by Judge Borman.  And we are seeking to amend the

22   protective order.

23          And so the motion that we have submitted to the Court

24   predominantly under seal relates to the government's request

25   to amend that protective order that was previously entered

 1    into.

 2            The defense opposes that motion.  We have had

 3    discussions about this.  I know they are going to want to

 4    respond.  But I did want to alert the Court that that is

 5    what is currently pending.

 6            THE COURT:  Okay.

 7            MS. MOHSIN:  I believe the Court set a trial date

 8    for April 18.

 9            THE COURT:  And that date was set by Judge -- the

10    prior judge?

11            MS. MOHSIN:  I think it was set by this Court, Judge.

12    I could be mistaken.

13            THE COURT:  Okay.  April 18?

14            MS. MOHSIN:  Yes.  So we believe that that trial date

15    will need to be moved.

16            And at the Court's -- when the Court is ready, I

17    would like to address some of the issues as it relates to

18    CIPA and the government's position with respect to security

19    clearances for the Court, et cetera.

20            THE COURT:  Okay.  All right.

21            Counsel, do you want to add or -- to that in any way

22    or do you have anything else you want to say?

23            MR. GEROMETTA:  Your Honor, I don't have much to

24    add to that.  I think -- I guess the question is, what does

25    the defense want to accomplish today?  And I think at the

13

1    appropriate time we would like to set out a timetable for

2    discovery production and that sort of thing.

3          I know Mr. Naser has filed his speedy trial request,

4    which was stricken by the Court, but he is very concerned

5    about his speedy trial rights.  And as his advocate here, I

6    think what we really want to do is just have some dates set

7    for discovery production and motion cutoff and to kind of

8    take care of this classified information so that he can have

9    a clear idea of the schedule that the case will proceed on,

10   so that it's not some sort of nebulous thing without end.

11         THE COURT:  Okay.

12         MR. GEROMETTA:  So that's what we would like.

13         THE COURT:  So have you had a chance to review all

14   of the discovery that's been presented to you so far?

15         MR. GEROMETTA:  Your Honor, I or someone in the

16   office has been through it and summarized it and I have

17   reviewed most of the discovery in the summaries or met and

18   discussed those summaries, so we are up to date on discovery

19   review.

20         THE COURT:  So let's see here.  That means that in

21   paragraph 6 of the memorandum the -- all these items?

22         MR. GEROMETTA:  Your Honor, I should say with the

23   exception of some of the defendant's jail calls, we're still

24   working through, because it's such a large volume.

25         THE COURT:  When do you think you'll be ready for

1   trial?

2          MR. GEROMETTA:  Well, I don't -- I am still awaiting

3   at least two discovery batches from the government -- I'm

4   not sure how large they are going to be -- and as well as

5   classified discovery, which the government is not even allowed

6   to tell me how large that's going to be.  So it's hard for me

7   to say when I'll be ready for trial, but I would like to think

8   a couple months after we get all the discovery.

9          THE COURT:  Okay.  All right.  A couple months.

10         Does that mean two or three or four?

11         MR. GEROMETTA:  Two and a half.

12         THE COURT:  Okay.  All right.  Okay.  I think that

13  puts the ball back in your court, Ms. Mohsin, about the

14  discovery.

15         When do you think you'll have the ability to provide

16  all of the non-FSA discovery?

17         MS. MOHSIN:  So the government was actually about

18  to send discovery to defense counsel around the time that

19  the government learned that the defendant had violated the

20  protective order, and we have not provided additional

21  discovery because we really need to address this issue of

22  how that discovery is being used by the defendant.

23         So it's -- if we can resolve that issue, it shouldn't

24  take more than, I would say, six weeks for us to complete the

25  nonclassified portion of our Rule 16 discovery.

```
 1            THE COURT:  How much -- tell me that again?
 2            MS. MOHSIN:  Six weeks.
 3            THE COURT:  Six weeks for the nonclassified?
 4            MS. MOHSIN:  Nonclassified, Rule 16.
 5            I have also communicated with counsel about this,
 6    and we, of course, have not prevented counsel from reviewing
 7    this discovery.  We didn't put it in their hands because
 8    we're concerned about the existing protective order not being
 9    sufficiently -- for lack of a better term -- protecting our
10    discovery materials, given our concerns about the violation
11    of it.
12            So I would ask the Court to set a hearing on this
13    motion to amend the protective order so that we can get beyond
14    that issue.  Once the Court has ruled and it is clear how the
15    defendant may use his discovery, which the government will
16    request not beyond his trial, his defense team --
17            THE COURT:  Okay.
18            MS. MOHSIN:  -- once we resolve that, then we can
19    resume the production of the remaining nonclassified Rule 16
20    material.
21            THE COURT:  Do you know how long you expect that to
22    take on the nonclassified part?
23            MS. MOHSIN:  About six weeks, at the outer edge;
24    probably sooner than that.
25            THE COURT:  Okay.  What about the classified?
```

```
 1              I asked you the nonclassified before, I realize, but
 2    what about the classified materials?
 3              MS. MOHSIN:  So that's a different -- completely
 4    different process, as I think the Court is aware, and that we
 5    are going to need a significant additional amount of time to
 6    comply with.
 7              THE COURT:  Okay.  That doesn't -- significant --
 8              MS. MOHSIN:  I was getting there, Judge.  I was
 9    getting there.
10              THE COURT:  Yeah.
11              MS. MOHSIN:  So we would ask for -- at this point,
12    it's going to be more than four months.  We would ask for a
13    status conference in four months to provide the Court with
14    additional information.  And to the extent that the Court --
15    I mean, we think it's going to be perhaps as much as eight
16    months.
17              But we would ask the Court for a status conference,
18    because we are making a lot of progress in that area, but for
19    reasons that we cannot disclose to the Court in open court on
20    the record --
21              THE COURT:  I understand.
22              MS. MOHSIN:  And we're happy to do that today with
23    the Court.  I know Mr. Mullery is here, and Rene is cleared as
24    a court reporter.  We're happy to provide that information to
25    the Court in a classified setting.
```

```
 1              THE COURT:  Okay.  Okay.
 2              So Mr. Gerometta, this motion was filed today, and
 3      so you have, what, two weeks to respond, and then some time
 4      for the government to reply if you want.  So that is putting
 5      us a little past -- you know, you would reply by the 19th or
 6      20th and then I would give them time to reply, and we're then
 7      at the end of April to begin with; right?
 8              MR. GEROMETTA:  Yes, your Honor.
 9              THE COURT:  Unless you all can resolve it.  Have you
10      looked at the motion?
11              MR. GEROMETTA:  I have.  I think we're unlikely to
12      resolve it.
13              THE COURT:  Okay.  So let -- so then you're going to
14      respond by -- let's take that first.
15              And Ms. Saulsberry, you'll keep these notes as well
16      too.
17              So you'll respond by, you think, April 19 or 20?
18              MR. GEROMETTA:  April 20, please.
19              THE COURT:  Okay.  April 20.
20              Ms. Mohsin, how long do you want to reply?
21              MS. MOHSIN:  I think five days would be more than
22      sufficient.  So maybe the 27th.
23              THE COURT:  Okay.  And then you guys want a hearing
24      on it?
25              MS. MOHSIN:  Yes, please, your Honor.
```

```
 1              THE COURT:  Like a week later or --
 2              MR. GEROMETTA:  That should work, yes.
 3              THE COURT:  Okay.  Can I have a week from the 27th?
 4   That would probably be into May.
 5              THE CLERK:  May 3rd is not good, Judge.
 6              The 4th is good, but the probation and pretrial
 7   conference, are you going to that?
 8              THE COURT:  Yeah, maybe.  So that's not good.  Is
 9   it on that day?
10              THE CLERK:  That's on the 2nd.
11              The 4th, you don't have anything scheduled.
12              THE COURT:  Okay.  Let's put it on May 4th for now.
13   Is that convenient?
14              MS. MOHSIN:  Yes, your Honor.
15              THE COURT:  What time?
16              THE CLERK:  2:00 p.m.
17              THE COURT:  Let's make it 2:30.  Do we have anything
18   else?
19              MR. GEROMETTA:  Your Honor, I have a 2:00 sentencing
20   on May 4.  Any other time that day would work.
21              THE COURT:  Okay.  Do you want to do it in the
22   morning?
23              MR. GEROMETTA:  That's fine.
24              THE COURT:  So that's, what, a Thursday?
25              THE CLERK:  Thursday.
```

```
 1              THE COURT:  Thursday?
 2              THE CLERK:  Yes, Judge.
 3              THE COURT:  Okay.  9:30?
 4              MS. MOHSIN:  That works for us.  Thank you, Judge.
 5              THE COURT:  Okay.  So that is your first date.
 6    That's on the motion for the protective order.
 7              And then I want to set another date for this four
 8    months down the road.  Let's make it -- should we make it
 9    four months?
10              MS. MOHSIN:  Thank you, Judge.
11              THE COURT:  So pursuant to the hearing date on
12    May 4th, you should expect that you will have some six weeks
13    after that.  You think you can provide the rest of the
14    nonclassified discovery; right?
15              So we're talking somewhere like the -- like the end
16    of June?
17              MS. MOHSIN:  Yes, Judge.
18              THE COURT:  Okay.  I'm going to put June 30th in
19    there just as a holding place.  Okay?
20              MS. MOHSIN:  Yes, Judge.
21              THE COURT:  And I reserve the right in my order about
22    the protective order to set a new date for that discovery.
23              And then four months, then, on the classified
24    material from now or from when?
25              MS. MOHSIN:  From now.  Our estimate is closer to
```

1    eight months.  We asked for the four-month date so that we can

2    provide an update to the Court about the progress that we have

3    made.

4          THE COURT:  Okay. Let's set a four-month date.  Can

5    that be set from now?

6          MS. MOHSIN:  Yes.

7          THE COURT:  Okay.  And so that would be sometime in

8    September?

9          THE CLERK:  August.

10         THE COURT:  Okay.

11         THE CLERK:  August 8 at 2:00 p.m. -- no, no, no.

12         THE COURT:  No, we can't do that.

13         THE CLERK:  August 9 at 2:00 p.m.

14         THE COURT:  What day of the week is that?

15         THE CLERK:  That's a Wednesday.

16         THE COURT:  Okay.  That's fine.  That's going to be,

17   at least for now, the tentative date.

18         Okay.  August 9th at what time?

19         THE CLERK:  2:00 p.m.

20         THE COURT:  Okay.  Let's make it -- are we in trial?

21         THE CLERK:  The only thing scheduled is an outgoing

22   law clerk lunch.

23         Let's make it 2:30.  Okay.  2:30 on August 9th.

24         Can we set that -- make that also a pretrial?

25         Are you standing because you don't like those dates

1    or --

2         MR. GEROMETTA:  I would like to make an argument to

3    the Court or a proffer to the Court, if I could, your Honor.

4         THE COURT:  Okay.  You can.  Relative to the

5    August 9th date?

6         MR. GEROMETTA:  Yes, your Honor.

7         THE COURT:  Okay.

8         MR. GEROMETTA:  So your Honor, you know, on behalf of

9    Mr. Naser, as I said, his biggest concern about this is the

10   speedy trial.  And I know the Court has to meet --

11        THE COURT:  There is no pending motion before me;

12   right?

13        Is there a speedy trial motion pending?

14        MR. GEROMETTA:  There is no speedy trial motion

15   pending, your Honor.  There is a motion to designate it as

16   a complex case, but there is no motion for a speedy trial

17   violation.

18        THE COURT:  Okay.  But the designation as a complex

19   case has an impact on the speedy trial; you would agree,

20   right?

21        MR. GEROMETTA:  I do.  I would agree, your Honor.

22        THE COURT:  Okay.

23        MR. GEROMETTA:  But I think more than any, you know,

24   technical violations of days or that sort of thing, Mr. Naser

25   is concerned about the passage of months.

1              THE COURT:  Okay.

2              MR. GEROMETTA:  He has been in state custody for

3    about five years now.

4              THE COURT:  And how much longer in state custody does

5    he have?

6              MR. GEROMETTA:  Well, your Honor, he is in on a

7    parole violation.  He is eligible for parole now, I believe.

8    So one thing I want to talk to him about is whether he wants

9    to go back and see if he can be paroled by the State of

10   Michigan.

11             But I think this is important, because the conduct

12   in this case, although there might be a phone call or two

13   that comes into play after that, all occurred five years or

14   more ago.

15             THE COURT:  Ago?

16             MR. GEROMETTA:  Correct.

17             THE COURT:  All right.

18             MR. GEROMETTA:  I mean, this case is -- was indicted,

19   I think, fairly close to the statute of limitations.

20             THE COURT:  Okay.

21             MR. GEROMETTA:  And he wants to get this done

22   and resolved.

23             And I know the Court has to meet with the government

24   about the classified information, about setting up the

25   chambers for the CIPA compliance, so I would just ask that

1    the Court -- and it's -- these are difficult for me to argue

2    that the four months or the eight months is unreasonable,

3    because I don't know how much information there is.  I don't

4    know what the information is, I don't know what steps have to

5    be gone through, and the government is not allowed to tell me

6    that, but they can tell the Court that.

7              THE COURT:  Okay.

8              MR. GEROMETTA:  And when the Court is talking to them

9    about the classified information procedure, I would just ask,

10   and I think this puts the Court in a difficult position, but

11   to keep our position in mind, Mr. Naser's position in mind;

12   that we want to move this as fast as we can, and to the extent

13   that the Court can push the government on what -- how much

14   time is reasonable when they have this status conference.

15             THE COURT:  Okay.

16             MR. GEROMETTA:  And I would ask that we hardly have

17   any time beyond that four months, but I can't push them,

18   because I don't know what to say or what's going on.

19             THE COURT:  Okay.

20             MR. GEROMETTA:  And that's all I would like to say

21   on behalf of the defendant, that we're kind of left without an

22   advocate, so we're just reminding the Court and asking to keep

23   our consideration at the top of your mind.

24             THE COURT:  All right.  So can I tentatively set

25   August 9?

1           MR. GEROMETTA:  Yes, your Honor.  I think that's
2     appropriate.
3           THE COURT:  All right.  Okay.
4           MS. MOHSIN: May I respond briefly, Judge?
5           THE COURT:  Yes.  Even though I just -- he just
6     agreed to tentatively keep August 9.
7           MS. MOHSIN:  I just want the Court to be aware that
8     we're mindful of the concerns that he has raised and that's
9     why we have asked for a four-month status conference rather
10    than asking the Court to adjourn it for the eight months that
11    we believe we need.  So I just wanted the Court to be aware
12    of that.
13          And I do believe I can get the Court specific
14    information about when his earliest release date is.  The
15    last I heard, it was August of 2023.
16          THE COURT:  Which is his earliest release date from
17    state custody?
18          MS. MOHSIN:  That's correct, Judge.  So I don't
19    believe it's now.  I believe it's in the future.
20          THE COURT:  All right.
21          MS. MOHSIN:  And I can verify that with Michigan
22    Department of Corrections and get back to the Court, if the
23    Court would like to know.
24          THE COURT:  Okay.  Mr. Gerometta, do you think that
25    August 2023 is inaccurate?

```
 1              MR. GEROMETTA:  Your Honor, if I could look into
 2     that.
 3              THE COURT:  Please look into it and just -- would it
 4     be okay for him to send an email to me and to you, Ms. Mohsin,
 5     to say, "Oh, yes, that's the date," or, "Oh, no, we think it's
 6     next week"?
 7              MS. MOHSIN:  Yes, that's fine, Judge.  And we can
 8     communicate that together to the Court jointly so the Court
 9     is aware.  But I don't have -- we can communicate that, once
10     we get that information, to the Court.
11              THE COURT:  Okay.  All right.  Good.
12              MR. GEROMETTA:  Thank you.
13              THE COURT:  Okay.  What else do you have?
14              MS. MOHSIN:  If I may, Judge, I think this is a
15     case -- again, we can talk about it in a classified setting --
16     where the Court may choose to have certain members of its
17     staff cleared, so that the Court has some assistance in
18     managing the materials at issue here, the classified
19     materials.
20              I know that Mr. Mullery is here and able to assist
21     the Court with obtaining clearances for members of the Court's
22     staff that require clearances.  I know it's a process that
23     takes a minimum of two months.  So during this time when
24     the government is engaged in dealing with the classified
25     information that -- you know, that we need to address on that
```

1    side of it, if the Court is inclined to have staff cleared,

2    then that process could take place in time for the classified

3    procedures that we're going to be using, you know, down the

4    road.

5              So I wanted to make that sort of representation to

6    the Court so that that process could get underway and also

7    indicate that it does take time for those clearances to be

8    obtained.  Mr. Mullery can talk more about that.

9              THE COURT:  Okay.  All right.  Mr. Gerometta,

10   anything else?

11             MR. GEROMETTA:  No, your Honor.  I hate to agree with

12   the government, but we'd appreciate it if that clearance

13   process would start so we can keep it rolling.

14             THE COURT:  Okay.  And did Judge Borman have anyone

15   that had been cleared?

16             MS. MOHSIN:  My understanding -- Mr. Mullery could

17   address this -- is that process began, but during that process

18   Judge Borman recused himself.

19             THE COURT:  Okay.  And so it was not completed?

20             MS. MOHSIN:  That's my understanding.

21             THE COURT:  Okay.  All right.  Okay.  Anything else

22   for defense?

23             MR. GEROMETTA:  No.  Not at this time.  Thank you.

24             THE COURT:  Okay.  What are you going to tell me

25   about him going back to take care of any parole issue he has?

```
 1              MR. GEROMETTA:  Your Honor, that's something I want
 2    to discuss with the defendant, and I think if we decide to do
 3    that, I don't think we have to have a hearing or anything.
 4    I think we can do that administratively.
 5              THE COURT:  Okay.  All right.  That's fine.  Okay.
 6              Then I think that we're done with that part of the
 7    case for today; is that correct?
 8              MR. GEROMETTA:  I believe so, yes.
 9              THE COURT:  Okay.  Thank you.  And I will make sure
10    that you get a copy of the dates that we have set.  Okay?  In
11    writing.
12              MR. GEROMETTA:   Thank you.
13              MS. MOHSIN:  Judge, I would only ask, given the fact
14    that the Court is scheduling a date four months out, I don't
15    know if the Court plans to have another hearing on the complex
16    case motion or if the Court plans to rule on it, but for the
17    purposes of speedy trial we would ask the Court to do one or
18    the other, rule on that motion or maybe have a hearing so we
19    can articulate our reasons.
20              THE COURT:  Okay.  But didn't you already have a
21    hearing before Judge Borman?
22              MS. MOHSIN:  We did have a hearing.  We filed our
23    pleadings, and if I'm not mistaken -- you can correct me,
24    Mr. Gerometta -- we had a very brief discussion and the Court
25    held it in abeyance.
```

```
 1          MR. GEROMETTA:  That's correct, your Honor.
 2          THE COURT:  But you didn't argue it?
 3          MR. GEROMETTA:  I think we had a very brief argument
 4   and the Court held it in abeyance pending the next status
 5   conference to see where we were.
 6          THE COURT:  Okay.  So now, was it -- do you think you
 7   have something more than what you said then that you were
 8   going to want to say?
 9          MS. MOHSIN:  The only thing that the government would
10   want to add is the communication of the information in the
11   classified setting, which I think is relevant to the Court's
12   determination.
13          Maybe the Court has enough information without that
14   conversation, based on the pleadings, but to the extent the
15   Court has any questions about the complexity of the case,
16   we can answer those questions, but we need to do it in that
17   classified setting.
18          THE COURT:  Okay.  Let me ask you, did Judge Borman
19   have any proceedings in a classified setting?
20          MS. MOHSIN:  He did not.  At that point a CISO had
21   not been appointed.
22          THE COURT:  Okay.
23          MS. MOHSIN:  And it was early on.
24          THE COURT:  Okay.  Then what I -- I would suggest is
25   that you look at what you filed, and if you think you want to
```

 1    say anything else, you should say it in the next week or so.
 2    Can you do that?
 3              MS. MOHSIN:  We can, but we would only want to do it
 4    in a -- verbally in a classified setting with the Court.  We
 5    don't have anything to supplement on the record.
 6              THE COURT:  Okay.  But I'm offering it to the other
 7    side too.
 8              Do you think you have anything else you would argue
 9    that hasn't either already been argued or is not in your
10    papers?
11              MR. GEROMETTA:  Judge, if we could have a week to
12    supplement that.  I'm not sure, is my answer.  I would want
13    to take a careful look at all of that.
14              THE COURT:  Okay.  So you can have a week to do that.
15    All right?  But -- and if you need more time, you can let me
16    know.  But if you could take a week, then I could get that
17    kind of rolling.  It will probably take me a week to get the
18    transcript.
19              Oh, Ms. -- his court reporter, I think, transcribed
20    it; right?
21              MS. MOHSIN:  Yes.  We don't have a transcript.  We
22    never ordered a transcript.
23              THE COURT:  All right.  We will get one.  And it will
24    probably take us a week, so...
25              MR. GEROMETTA:  Yes, your Honor.  Could we have a

```
 1    week after the transcript?  It might be helpful to take a

 2    look at it, to make sure I'm not misremembering anything.

 3              THE COURT:  Yes.  You can have a week after the

 4    transcript.

 5              MR. GEROMETTA:  Thank you.

 6              THE COURT:  But it isn't necessary to, like, send me

 7    stuff you have already written.

 8              MR. GEROMETTA:  Understood.

 9              THE COURT:  Okay.

10              MR. GEROMETTA:  Understood.

11              MS. MOHSIN:  And should the Court require it, we

12    are prepared to proceed with that ex parte on-the-record

13    discussion.

14              THE COURT:  Okay.  All right.  That's fine.  I'm

15    prepared.  You're prepared to go forward with something today;

16    right?

17              MS. MOHSIN:  Yes.

18              THE COURT:  Okay.  All right.  Then that's what I'll

19    do.  So a week from the transcript, so whenever it's filed.

20    I wasn't going to get that kind of copy, but I guess I will.

21              You will keep a look for it?

22              MR. GEROMETTA:  Will do.  Yes.

23              THE COURT:  Okay.  All right.  Great.  Then this

24    portion of the case is adjourned until the next date.

25              MR. GEROMETTA:  Thank you, Judge.
```

```
 1              THE COURT:  Okay.

 2              MS. MOHSIN:  Thank you, Judge.

 3              THE COURT:  I think the government is staying.

 4              MR. GEROMETTA:  Okay.

 5              THE CLERK:  All rise.

 6                   (Proceedings adjourned at 4:10 p.m.)

 7                          *      *      *

 8

 9

10                   CERTIFICATE OF COURT REPORTER

11

12       I certify that the foregoing is a correct transcript

13  from the record of proceedings in the above-entitled matter.

14

15  _____          May 10, 2023
         s/ Rene L. Twedt
16  RENE L. TWEDT, CSR-2907, RDR, CRR, CRC     Date
         Federal Official Court Reporter

17

18

19

20

21

22

23

24

25
```