```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION

 3    UNITED STATES OF AMERICA,

 4               Plaintiff,
                                         HONORABLE PAUL D. BORMAN
 5
       v.                                No. 22-20504
 6
      AWS MOHAMMED NASER,
 7
                 Defendant.
 8    _____/

 9
                            PRETRIAL CONFERENCE
10
            BEFORE UNITED STATES DISTRICT JUDGE PAUL D. BORMAN
11              Theodore Levin United States Courthouse
                   231 West Lafayette Boulevard
12                      Detroit, Michigan

13                  Wednesday, December 21, 2022
                           12:19 p.m.
14
      APPEARANCES:
15
         For the Plaintiff:        SAIMA S. MOHSIN
16                                 U.S. Attorney's Office
                                   211 West Fort Street
17                                 Suite 2001
                                   Detroit, Michigan  48226
18                                 (313) 226-9100

19                                 DMITRIY SLAVIN
                                   Department of Justice
20                                 Counterterrorism Section
                                   950 Pennsylvania Avenue NW
21                                 Suite 7600
                                   Washington, D.C.  20530
22                                 (202) 616-2846

23    (Appearances continued)

24             To Obtain Certified Transcript, Contact:
            Leann S. Lizza, CSR-3746, RPR, CRR, RMR, CRC, RDR
25                         (313) 234-2608
```

```
 1   APPEARANCES (Continued):

 2      For the Defendant:          JAMES R. GEROMETTA
                                    AMANDA N. BASHI
 3                                  Federal Community Defender
                                    613 Abbott Street
 4                                  Fifth Floor
                                    Detroit, Michigan  48226
 5                                  (313) 967-5555

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**TABLE OF CONTENTS**

Proceeding                                                          Page

  Pretrial conference                                                4



Exhibits:                                                       Received

  (None offered.)

## PRETRIAL CONFERENCE

```
 1                                    December 21, 2022

 2                                    Detroit, Michigan

 3                          -    -    -

 4        (Court, Counsel, and Defendant present; 12:19 p.m.)

 5            THE COURT CLERK:  Everyone please rise.  The United

 6   States District Court is now in session; Judge Paul D. Borman

 7   presiding.  Please be seated.

 8            Now calling the case the United States versus Aws

 9   Mohammed Naser, Case Number 22-20504.

10            THE COURT:  Okay.  Please sit down.  We're going to do

11   everything seated, and start with identifying counsel for the

12   government.

13            MS. MOHSIN:  Good morning, Your Honor.  Saima Mohsin,

14   Assistant United States Attorney, appearing on behalf of the

15   United States.  Seated to my left is my partner in this case,

16   Dmitriy Slavin, with the National Security Division.

17            THE COURT:  Okay.  That's out of Washington?

18            MR. SLAVIN:  Yes, Your Honor.

19            THE COURT:  Okay.  Thank you.

20            And who will be speaking?

21            MS. MOHSIN:  It should be me, Your Honor.

22            THE COURT:  Okay.  Very good.

23            And on behalf of defendant, please.

24            MR. GEROMETTA:  James Gerometta.  Defendant is to my

25   right, and Amanda Bashi from my office is also to my right,
```

1    Your Honor.

2         THE COURT:  Okay.  And who will be speaking?

3         MR. GEROMETTA:  I will, Your Honor.

4         THE COURT:  Okay.  And Mr. -- is it pronounced Naser,

5    or Naser?

6         THE DEFENDANT:  Naser.

7         THE COURT:  Mr. Naser, please identify your name for

8    the record.  Speak slowly and loudly.  Thank you.

9         THE DEFENDANT:  Yes, sir.  My name is Aws Mohammed

10   Naser.

11        THE COURT:  Okay.  Very good.

12        So this is a status conference on a case.  There is an

13   indictment charging two counts.  Mr. Naser has been arraigned

14   on the indictment; is that correct, Mr. Gerometta?

15        MR. GEROMETTA:  Correct, Your Honor.

16        THE COURT:  Okay.  With regard to the order

17   designating the case as a complex case, it has not yet been

18   entered.  Do you wish to speak with regard to that,

19   Mr. Gerometta?  And then I'll hear from Miss Mohsin.

20        MR. GEROMETTA:  I do, Your Honor.

21        Miss Bashi and I met with Mr. Naser -- I don't have

22   the date in front of me -- but before that was tendered to the

23   Court, and at the time we had agreed with Defendant that that

24   was appropriate and proper.  In subsequent conversations with

25   Mr. Naser, he would like to assert his speedy trial right, and

1    I think we have a January 11th trial date if I'm not mistaken.

2    He would like to assert that right and go to trial immediately.

3    It's my understanding from talking to the government that they

4    oppose that and are going to make a motion to exclude time

5    under the Speedy Trial, but -- and I can speak substantively, I

6    guess, in response to their motion for speedy trial.  I'll talk

7    about the substance of that, but procedurally I wanted to let

8    the Court know where we were.

9         THE COURT:  Okay.  So I've received from the

10   defendant, and I think we sent it out to both the government

11   and the defense, two motions from Mr. Naser.  First was a

12   motion asserting the right to speedy trial nonconsent to any

13   further continuances and objection to the continuances that are

14   on the docket.  The same day filed after that was a motion to

15   dismiss under 18 U.S.C. Section 922(2)(1).  So that motion

16   is -- under the Speedy Trial Act tolls the Speedy Trial Act.

17        So let's go further.  And then, also, in terms of

18   discussing the Speedy Trial Act, let me ask the government,

19   have you provided discovery to the defense, and is there any

20   more to come or not?  And we'll discuss that.

21        MS. MOHSIN:  Certainly, Your Honor.  We have provided

22   the defense with discovery, and there will be more to come to

23   respond to the Court's question.  We have provided

24   approximately 4,784 documents, and we have provided -- you

25   know, that includes materials such as search warrants,

1   affidavits, reports, laboratory reports, jail calls, emails,

2   and things of that nature.

3          THE COURT:  It is over how many years have these

4   documents been discussing?

5          MS. MOHSIN:  Since 2012, I believe, Your Honor.

6          THE COURT:  So we're talking about ten years plus?

7          MS. MOHSIN:  I wouldn't say that it was continuous

8   over that time.  It's -- you know, for a period -- a certain

9   period of time between 2012 and maybe a year or so later and

10  then in 2017 and later.  For the most part the documents that

11  we've provided cover periods of time surrounding 2012, 2013 and

12  then, again, 2017 on.

13         THE COURT:  Right.  Because the indictment charges in

14  Count 1 from December 2011 through October 2017, and in Count 2

15  it deals with October 2017.  So these are matters obviously

16  that have occurred five years ago.

17         MS. MOHSIN:  Correct.

18         THE COURT:  Correct?  Okay.

19         MS. MOHSIN:  And so, Your Honor, we've provided those

20  materials.  There will be additional materials to file.  I

21  should note for the record that on December 5th myself, my

22  co-counsel, Dmitriy Slavin, we met with Mr. Gerometta and

23  Ms. Bashi.  We sat down and had a discussion about the

24  discovery in this case and also explained that there was a need

25  for a protective order which this Court did issue.  Once that

PRETRIAL CONFERENCE

1  protective order was issued, we provided this first round of

2  discovery to the defense.  Pursuant to that protective order --

3  again, this is something that the parties met and conferred and

4  discussed -- there was a discussion about speedy trial as well

5  which led to the filing of that stipulation.  I know we're

6  going to talk about that a little bit more later, but I wanted

7  to alert the Court that this initial round of discovery has

8  been provided pursuant to that protective order.

9       THE COURT:  Okay.  Let me ask Mr. Gerometta, so you

10  are well aware of the Sixth Amendment in terms of effective

11  assistance of counsel, as is Ms. Bashi.  Have you talked to

12  your client about his request colliding it seems with the

13  attorneys honoring the Sixth Amendment right to effective

14  assistance of trial which means that you must know and prepare

15  for trial, go through the discovery, file any motions that you

16  may think is appropriate to protect your client's rights.  And

17  so let's talk about that in terms of your initial request that

18  you made on behalf of your client, but at the same time you

19  have an obligation under the Sixth Amendment as well.

20       MR. GEROMETTA:  I understand that, Your Honor.  I

21  think this case is a difficult case in that, you know,

22  Ms. Bashi and I were talking about this this morning in her

23  office, that, you know, the statutory speedy trial right is

24  something that can be waived just by the attorneys because of

25  that Sixth Amendment issue, because of the need to provide

1    effective assistance.  In the -- however when the speedy trial

2    drags on enough to become a constitutional issue, then any

3    waiver would have to be by the defendant himself, when it

4    becomes a constitutional issue as opposed to just a simple

5    statutory issue.  And in this case normally this is clearly

6    just a statutory speedy trial issue, but I do note that, you

7    know, this indictment was filed up near the five-year statute

8    of limitations running and Mr. Naser has been in state custody

9    on a parole revocation for the last five years.  And I

10   understand his desire to get this done as soon as possible.  He

11   has been waiting.  He's been in state custody.  He's --

12           THE COURT:  Not related to this case.

13           MR. GEROMETTA:  Not related -- well, I think the

14   parole violations stem from some of the same suspicions that

15   led to this case.  This case I think initiated -- I don't know

16   if it originally initiated, but part of it was a parole search

17   where a lot of the evidence that's going to be in this case

18   originated from, so they are related in that way.

19           THE COURT:  Your client gave you something to look at.

20           MR. GEROMETTA:  Yes.  So there is definitely a

21   connection between those parole violations and this case.  His

22   original charge was not related -- I don't even want to say the

23   original charge was not related in this case because I think in

24   some ways it was.

25           THE COURT:  The charge in the state court you're

1    saying -- what was the original charge in state court for which

2    he was violated?

3                MR. GEROMETTA:  The original charge was armed robbery,

4    Your Honor.

5                THE COURT:  Okay.

6                MR. GEROMETTA:  And I think there's some allegations

7    by the government that that robbery was in connection with some

8    anticipated travel to the Middle East.  I could be wrong about

9    that, but that's sort of my reading of the facts as outlined.

10               So there is definitely a connection here, and that

11   has, you know, Mr. Naser upset.  I think the Court can tell by

12   his demeanor that he's --

13               THE COURT:  He was sentenced in the state court to how

14   many years?

15               THE DEFENDANT:  Three to twenty.

16               MR. GEROMETTA:  Three to twenty, Your Honor.

17               THE COURT:  Okay.  Three to twenty.

18               MR. GEROMETTA:  He was paroled in 2015?

19               THE DEFENDANT:  '16.

20               MR. GEROMETTA:  '16.  He was paroled in 2016, and he

21   was near the completion of his parole when this search was

22   done.  There were -- this is a long list of parole violations,

23   social media use, you know, on sort of -- he's supposed to

24   notify of any social media computer accounts he had.  There

25   were some things found in the house that -- a bb gun, that sort

```
 1   of thing.  So all those violations, which much of which I think
 2   is going to end up in evidence here, led to his parole
 3   revocation almost five years ago.
 4           THE COURT:  And he is still under that violation of
 5   parole, and is there an out date?
 6           MR. GEROMETTA:  There's no --
 7           THE COURT:  Has he been flopped?
 8           MR. GEROMETTA:  There's no out date.  He had a flop
 9   until December of this year -- excuse me, December of next
10   year.
11           THE COURT:  December -- so his out date from parole
12   violation?
13           MR. GEROMETTA:  It's not an out date, Your Honor; it's
14   his next eligibility date.
15           THE COURT:  Eligibility --
16           MR. GEROMETTA:  Is December '23.
17           THE COURT:  You said next year, December 2023.  Got
18   it.  About a year from now.
19           MR. GEROMETTA:  Correct, a year from now.
20           THE COURT:  Okay.  So he is still in custody as a
21   state prisoner; is that correct?
22           MR. GEROMETTA:  That's correct, Your Honor.
23           THE COURT:  Okay.  And he'll be there although you
24   can -- maybe they'll parole early, stuff like that, but right
25   now he's incarcerated until then.  Does that -- if we were to
```

PRETRIAL CONFERENCE

1   proceed to trial here, then he would still be in state custody

2   till -- possibly up to 2023.

3              MR. GEROMETTA:  Correct, Your Honor.

4              THE COURT:  So if he's in custody, then it gives you

5   and Mrs. Bashi an opportunity to prepare the case so you are

6   honoring your commitment to the Sixth Amendment to provide

7   effective assistance of counsel.  If you go to trial in a week,

8   is there any way -- or January 11th -- that you think you could

9   be prepared?  How long ago were you provided the 4,784 -- 4,784

10  documents?

11             MR. GEROMETTA:  Your Honor, I got the email linking us

12  to the online dump while I was meeting with the defendant this

13  morning.

14             THE COURT:  This morning?

15             MR. GEROMETTA:  Yes.

16             THE DEFENDANT:  30 minutes ago.

17             THE COURT:  I'm sorry?

18             MR. GEROMETTA:  30 minutes ago, Your Honor,

19  approximately.

20             THE COURT:  Okay.  And after you received that, was

21  that before you spoke to Mr. Naser in jail downstairs?

22             MR. GEROMETTA:  Down -- it was while we were there.  I

23  was looking up something else on my email for him trying to

24  pull a date, and I noticed that we had received that.

25             THE COURT:  Okay.  So let's circle back to the Sixth

1    Amendment.  Let's circle back to the trial date.  You, I

2    presume, as an attorney of the Court and honoring the Sixth

3    Amendment, would not seem to me, but then again, you have your

4    position, yours and Mrs. Bashi and your client's, with regard

5    to going to trial in a couple of weeks.  Is this the issue

6    that's confronting you and Mrs. Bashi and your client?  And we

7    also have a motion to dismiss that's been filed by your client

8    although he's -- he did that while he has attorneys.  So let's

9    get down to the central issue.  Is -- where you want to proceed

10   and how do you want to proceed to represent Mr. Naser?

11        MR. GEROMETTA:  Yes, Your Honor.  You know, as I

12   stated before, there is a real tension in this case between the

13   defendant's Sixth Amendment right to counsel and my duty as a

14   attorney to be reasonably prepared, and his feeling that this

15   case has been five years in the making and that the government

16   should be -- you know, this is the first discovery production.

17   There's going to be more discovery production.  The

18   government's going to ask that we have another conference in

19   January about classified discovery production.  Mr. Naser feels

20   like, look, it's been five years, it should all be, you know,

21   on day three, right, post indictment I should have everything

22   and --

23        THE COURT:  On day three post indictment?

24        MR. GEROMETTA:  Well, that's an example, right?  He

25   felt like when he's indicted, given that it's been this

1    five-year delay since the end of the claimed conduct that the

2    discovery should be -- had been ready to go and that --

3              THE COURT:  Well, it is ready now, but it wasn't ready

4    obviously before.

5              MR. GEROMETTA:  Right.  And there is still some more

6    classified information that has not been disclosed to us, and

7    it's my understanding the government is working right now on

8    getting a timeline of when that can be disclosed.  They will

9    know early January.  I don't want to speak for them.  That's my

10   understanding, like I said.

11             THE COURT:  So are you telling me that you, not your

12   client, but you as a lawyer, you and Mrs. Bashi, are going to

13   be ready to go to trial on January 11th?

14             MR. GEROMETTA:  Your Honor, I don't think we can

15   realistically review all this discovery by then, no.

16             THE COURT:  Okay.  So then this is a complex case,

17   correct?

18             MR. GEROMETTA:  It is, Your Honor.

19             THE COURT:  Okay.  And the Court can deem it such

20   based on everything on the record today plus what's to come.

21   Obviously you can litigate the issue of discovery from your

22   point which you feel has been delayed and will be continuing on

23   this matter before the Court and any other issues before the

24   Court, but it is -- it seems like it's -- well, let me hear

25   from the government and I'll get back to you obviously.

PRETRIAL CONFERENCE

1          One second.  We don't have those things at department

2     stores where you put it in like a little thing and it gets back

3     to the judge.

4          Okay.  Go ahead, Mrs. Mohsin.

5          MS. MOHSIN:  So, Your Honor, I think there's a couple

6     of issues.  The first is that, as the government has indicated,

7     there will be additional discovery to follow, and in order for

8     us to meet our obligation, our discovery obligation, we're

9     going to need additional time.  This is a complex case, and as

10    we've outlined in our stipulation, which I would ask the Court

11    to convert to a motion in light of the defendant's change in

12    position --

13         THE COURT:  Well, then if I convert it to a motion,

14    then we're going to have argument on it.  So the last acts in

15    this case took place in 2017 based on the indictment?

16         MS. MOHSIN:  That's correct, Your Honor.

17         THE COURT:  So you had five years to get your stuff

18    together, and you're sitting here now saying we need a lot of

19    time?

20         MS. MOHSIN:  So, Judge, there are additional -- so one

21    of the things that we intend to file in this case, Judge, is a

22    motion under the Classified Information Procedures Act under

23    Title 50.  Because -- and we plan to file that motion

24    hopefully --

25         THE COURT:  You say plaintiff?

```
 1                MS. MOHSIN:  Pardon me?

 2                THE COURT:  You're saying plaintiff filed that motion.

 3                MS. MOHSIN:  Plan.

 4                THE COURT:  Plan.

 5                MS. MOHSIN:  Plan, yes.  Apologies.  We plan to file

 6      that motion soon, and so I think once we file that motion with

 7      the court --

 8                THE COURT:  What does soon mean?

 9                MS. MOHSIN:  Hopefully by the end of either today or

10      early tomorrow morning.

11                THE COURT:  Okay.  Okay.  Go ahead.

12                MS. MOHSIN:  And that motion is going to request a

13      pretrial conference so that we can discuss in open court with

14      the defendant and the Court the procedures that are applicable

15      to the Classified Information Procedures Act, and we're going

16      to ask the Court to set a date for that status conference --

17                THE COURT:  Let me just ask and then I'll get back to

18      you.

19                Mr. Gerometta, are you aware and also up to speed on

20      that classified information provision that Ms. Mohsin was

21      speaking about?

22                MR. GEROMETTA:  Your Honor, I have dealt with it in

23      another case.  I think it's going to be a little bit more

24      complex in this case.  I will get up to speed though, yes.

25                THE COURT:  Okay.  And that's Judge Lawson's case?
```

1        MR. GEROMETTA:  It is, Your Honor.  Yes.

2        THE COURT:  Okay.  Go ahead, Ms. Mohsin.

3        MS. MOHSIN:  And, Your Honor, I can represent to the

4   Court that once we've done that, it might provide additional

5   guidance to the parties, to the Court about what those

6   procedures entail and what, you know, what the Court can

7   expect.  We're asking for a hearing or a status conference on

8   that issue in early January.  I did not get assigned this case

9   until, you know, not that long ago, within the last maybe ten,

10  twelve months, and it's taken me awhile to get up to speed on

11  this case.  There's a lot of material that Mr. Slavin and I

12  would like to review so that we can come to that status

13  conference with accurate information and we can accurately

14  provide to the Court a timeline for, you know, complying with

15  our obligations.  We've been enmeshed in that perhaps, and so

16  we're asking for a date in early January.

17        But as I indicated, we're going to file that CIPA

18  Section 2 motion hopefully by the end of today or early

19  tomorrow morning so that the Court can review, you know, that

20  as a written pleading.

21        THE COURT:  Okay.  Did you want to respond to that,

22  Mr. Gerometta?

23        MR. GEROMETTA:  You know, I don't have much of a

24  response to it.  I would just say if the Court is considering

25  granting this complex case motion, I think any trial date -- I

PRETRIAL CONFERENCE

1    know the Court brought up the fact that he is in state custody

2    likely until December --

3              THE COURT:  Well, let's put that we want to keep him

4    here so that you can see him.  I don't know where he's in.  Is

5    he in Jackson or Adrian or --

6              MR. GEROMETTA:  Your Honor, so if we can -- we do want

7    to keep him here, and that's something I think I -- his IAD

8    waiver he signed I'd like to address at the end of the hearing

9    maybe so we don't confuse issues.

10             THE COURT:  We have agreement on detainer?

11             MR. GEROMETTA:  Yes, Your Honor.

12             THE COURT:  Okay.

13             MR. GEROMETTA:  So, yes, he would withdraw his IAD

14   waiver.  He feels like he didn't have time to read it.  He

15   feels like there was some misrepresentations by the attorney

16   who represented him at duty court.  And he would -- it's on my

17   list of notes.  He would affirmatively withdraw his IAD waiver

18   before the Court, and I can file a written withdrawal of that.

19             THE COURT:  Yeah.  Both of you, both sides are

20   speaking of things, gonna, shoulda, et cetera.  I don't have

21   that on paper.  This is a status conference.  So whatever

22   you're going to be filing, based on the conversations here

23   today, file, and I deal with that on paper.  The other side

24   responds, and we go forward with these issues.

25             So when you say we'll deal with the IAD, that, again,

 1   is there a transcript of a proceeding in front of the

 2   magistrate judge with regard to the IAD waiver?  So we have to

 3   get transcript of that, things like that.  Is that correct,

 4   Mr. Gerometta?

 5          MR. GEROMETTA:  Your Honor, I believe that, because

 6   it's the defendant's right, I think if we don't need the

 7   transcript -- if he files a written notice withdrawing the

 8   waiver, I'm not sure we need the transcript of that.  So but --

 9   and we will file that written notice.

10          THE COURT:  And whether you can withdraw the waiver in

11   terms of -- again, if you withdraw the waiver, then he goes

12   back, and I didn't get an -- answers to where he was located in

13   the state Department of Corrections.

14          MR. GEROMETTA:  Your Honor, if we withdraw that

15   waiver, he'll stay here.  So that's why we want to withdraw the

16   waiver, to keep him here, so.

17          THE COURT:  We're going to keep him here.

18          MR. GEROMETTA:  Correct, Your Honor.  Yes.

19          THE COURT:  So where is -- if this is a question that

20   requires a private answer as to where he is right now, then we

21   can, after we're done with other matters, we can clear the

22   courtroom if there's any issue relating to location of him

23   within the federal system.

24          MR. GEROMETTA:  He is at the Milan Detention Center

25   currently, Your Honor.

```
 1              THE COURT:  Okay.
 2              THE DEFENDANT:  You're not saying correct stuff.
 3   Ineffective use of counsel.  He lied to me about the waiver.
 4   He misrepresented.
 5              MR. GEROMETTA:  Just a second.
 6              THE COURT:  Right now I have two motions in front of
 7   me both filed with your client -- by your client, and I need to
 8   know, because what we usually do when there are motions filed
 9   by a client who is represented by counsel is send the motion or
10   motions to the counsel to see if you adopt them, and then if
11   you do, then deal with the motions including the motion to
12   dismiss as well as the speedy trial matter, so.  And that,
13   again, you would talk with your client and you would look at
14   the law and the Sixth Amendment.  And then if you want to adopt
15   them, you can because the -- again, you're representing him.
16   He's not representing himself.  My understanding, and also
17   understanding that he has two outstanding lawyers there, is
18   that he should consult with them, and so the motions would go
19   back to you to decide if you want to adopt them and file them
20   under your name in this matter.  Make sense?
21              MR. GEROMETTA:  Understood.
22              THE COURT:  Okay.  Anything the government wants to
23   argue with regard to what just went on with regard to the two
24   pro se motions filed by someone who is being represented by
25   counsel?
```

1          MS. MOHSIN:  Judge, it's the government's position

2     that they should be struck.  I understand that counsel, of

3     course, has the right to adopt them should he choose to do so,

4     and if that is the attorney's intention, then we would ask for

5     an adequate opportunity to respond.

6          THE COURT:  Well, so you're saying you don't have to

7     get into it right now.  Let the defense counsel meet with their

8     client, decide whether they believe that either or both or one

9     of the motions should be rewritten by them if they're going to

10    proceed on those.

11         Correct, Mr. Gerometta?

12         MR. GEROMETTA:  Yes, Your Honor.

13         THE COURT:  Okay.  Okay.  So in terms of designating

14    the case or not, you say that it has not been ordered, the

15    order designating a complex case, and you do not want this case

16    or is that something that you want to continue to discuss with

17    your client before?

18         MR. GEROMETTA:  I would appreciate -- we were about

19    three quarters of the way through that discussion at noon

20    today.

21         THE COURT:  Okay.  So we'll hold that in abeyance,

22    give you an opportunity to respond to that, and then also give

23    the government an opportunity to respond in support of the

24    stipulation if the defendants move forward on that.  Okay?  So

25    right now we will not sign the stipulation, and the Court may

 1   need a hearing on that, but at least we'll get some paperwork

 2   dealing with that proposed stipulation.

 3           MS. MOHSIN:  So if I may, Your Honor?

 4           THE COURT:  Yes.  Go ahead.

 5           MS. MOHSIN:  We had converted the stipulation to a

 6   motion orally.

 7           THE COURT:  Okay.

 8           MS. MOHSIN:  Would the Court prefer for me to file a

 9   motion for --

10           THE COURT:  Yes.

11           MS. MOHSIN:  -- for a complex case and adjournment for

12   a speedy trial?

13           THE COURT:  Yes.

14           MS. MOHSIN:  I will do so.

15           THE COURT:  And then the defense can answer that as

16   well as the other matters that have been brought before the

17   Court today.

18           Let me just ask -- let me just say one thing at the

19   beginning.  This case which deals with matters in 2017, I think

20   that the Court would need a timeline for the government's

21   turning over discovery yet to come.  And to the extent -- I'll

22   wait to hear the government's position.  I'll hear

23   Mr. Gerometta's position on behalf of his client.  And it just

24   seems like -- I recognize that the U.S. Attorney locally in

25   charge has left the office, now Ms. Mohsin, who is highly

| | |
|---|---|
| 1 | capable, competent, outstanding lawyer is on the case along |
| 2 | with a gentleman from Washington, but time is something that |
| 3 | the Court will be considering as we proceed forward on this |
| 4 | case.  Okay? |
| 5 | Let me just ask, is there anything further that the |
| 6 | government wants to raise?  So you're going to refile a motion |
| 7 | for a mega case.  You're going to give the Court some |
| 8 | information.  We'll pick a date in January, early January, to |
| 9 | talk about timeline for discovery, and then obviously we'll get |
| 10 | motions from the defendant with responses to those issues. |
| 11 | Is there anything further, Mr. Gerometta, at this |
| 12 | proceeding that you want to place on the record? |
| 13 | MR. GEROMETTA:  Can I have one minute to consult with |
| 14 | my client? |
| 15 | THE COURT:  Of course.  Yeah. |
| 16 | (Attorney/client conference.) |
| 17 | MR. GEROMETTA:  Thank you, Your Honor.  Nothing to put |
| 18 | on the record at this time.  We'll put these issues in our |
| 19 | response to the government. |
| 20 | THE COURT:  Okay.  The mega case issue I think should |
| 21 | be front and center in terms of filing the motion with regard |
| 22 | to that since there is no stipulation.  Okay?  So sooner rather |
| 23 | than later on the mega case, complex case, excludable delay, |
| 24 | okay? |
| 25 | MS. MOHSIN:  That will be filed forthwith, Judge.  I'm |

 1   going to convert that stipulation into a motion and hopefully

 2   have that filed within the next day.

 3           THE COURT:  Okay.  And then, Mr. Gerometta, you'll

 4   have that and you can respond to that with attention to it and

 5   sooner rather than later.  And then we'll pick a day in

 6   January.

 7           Let me ask Ms. Tofil:  Are you talking about like the

 8   10th or 11th, that week?  The 11th?  Yeah.

 9           THE COURT CLERK:  Any time.

10           THE COURT:  Do you have a calendar?  What day of the

11   week is it?

12           THE COURT CLERK:  It's a Wednesday.

13           THE COURT:  Okay.  January 11th.

14           THE COURT CLERK:  We could have it at 10:00.  We could

15   have it at 3:00.

16           THE COURT:  Okay.  Let's say 3:00 on January the 11th.

17           So, anyway, right now from the period of December 16th

18   through a issue, since there is a motion to dismiss before the

19   Court, that time is not counted under the speedy trial, the

20   motion to dismiss by defendant, specifically ECF Number 21.

21           Okay.  Anything further from the government?

22           MS. MOHSIN:  I'm sorry, Judge.  You said it was

23   excluded based on the filing of the motion?

24           THE COURT:  The time for speedy trial -- the time from

25   December 16th, when defendant filed the motion to dismiss, that

```
 1   stops the speedy trial as long as it's before the Court.  Okay.
 2           MS. MOHSIN:  Thank you, Judge.
 3           THE COURT:  We are concluded unless Mr. Gerometta has
 4   anything additional.
 5           MR. GEROMETTA:  No, thank you, Your Honor.
 6           THE COURT:  Okay.  Thank you all.
 7           THE COURT CLERK:  Everyone please rise.  Court is in
 8   recess.
 9       (Proceedings concluded, 12:57 p.m.)
10                          -   -   -
11                   CERTIFICATION OF REPORTER
12
13      I, Leann S. Lizza, do hereby certify that the above-entitled
14   matter was taken before me at the time and place hereinbefore
15   set forth; that the proceedings were duly recorded by me
16   stenographically and reduced to computer transcription; that
17   this is a true, full and correct transcript of my stenographic
18   notes so taken; and that I am not related to, nor of counsel to
19   either party, nor interested in the event of this cause.
20
21
22   S/Leann S. Lizza                              5-10-2023
23   Leann S. Lizza, CSR-3746, RPR, CRR, RMR, RDR    Date
24
25
```