```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MICHIGAN
                        SOUTHERN DIVISION

  United States of America,

                    Plaintiff,

  -v-                                      Case No. 22-20504

  Aws Mohammed Naser,

                    Defendant.
  _____/

                       STATUS CONFERENCE
                        August 9, 2023

         BEFORE THE HONORABLE JONATHAN J.C. GREY
                United States District Judge

     Theodore Levin United States District Courthouse
              231 West Lafayette Boulevard
                    Detroit, Michigan


  APPEARANCES:

  FOR THE PLAINTIFF:    DMITRIY SLAVIN
                        DOJ-NSD, Counterterrorism Section
                        950 Pennsylvania Avenue NW, Suite 7600
                        Washington, DC   20530


  FOR THE DEFENDANT:    JAMES GEROMETTA
                        LAURA MAZOR
                        Federal Community Defender
                        613 Abbott Street, Fifth Floor
                        Detroit, Michigan   48226
```

            To Obtain a Certified Transcript Contact:
            Rene L. Twedt, CSR-2907, RDR, CRR, CRC
                     www.transcriptorders.com

1                         TABLE OF CONTENTS

2    **MATTER**                                                **PAGE**

3    STATUS CONFERENCE
     Discussion Re: Pending Motions........................      3
4
     STATUS UPDATE
5    For the Government by Mr. Slavin......................      4
     For the Defense by Mr. Gerometta......................      7
6

7    CERTIFICATE OF COURT REPORTER.........................     16

1  Detroit, Michigan
2  August 9, 2023
3  11:45 a.m.
4                    *       *       *
5          THE CLERK: All rise. United States District Court
6  for the Eastern District of Michigan is now in session, the
7  Honorable Jonathan J.C. Grey presiding.
8          You may be seated.
9          Calling Case Number 22-20504, United States of
10 America versus Aws Mohammed Naser.
11         Counsel, please place your appearances on the record.
12         MR. SLAVIN: Good afternoon -- or good morning,
13 your Honor. Dmitriy Slavin for the United States.
14         THE COURT: Good morning to you.
15         MR. GEROMETTA: James Gerometta on behalf of
16 Mr. Naser, who is present to my left, your Honor.
17         Also from my office are Laura Mazor and Brenda
18 Doherty in the courtroom.
19         THE COURT: Good morning to each of you. And you all
20 may be seated.
21         MR. GEROMETTA: Thank you.
22         THE COURT: This is the day and time set for a
23 status conference, and I will just note for the record that
24 the  previously filed motions do remain pending. I am aware
25 that the parties would like rulings to be issued, and I will

1   endeavor to issue rulings within the next three weeks on the
2   outstanding motions.
3           And Mr. Slavin, would you like to be heard first?
4           MR. SLAVIN:  Yes, your Honor.
5           So since our last conference in April we have
6   proceeded with discovery on the schedule that we provided
7   to the Court at the last conference.  We are still on that
8   schedule.
9           So we have made additional unclassified discovery
10  productions available to the defense to review at our offices.
11  The defense has reviewed some of them.  Some of them are still
12  outstanding and ready to go.
13          There will be more productions ready to go in the
14  next few weeks, so there's quite a lot of discovery that is
15  either already ready or about to be ready for the defense
16  review.
17          Our classified review work is continuing on pace,
18  thanks to some -- a lot of remarkable efforts by the FBI to
19  deal with all kinds of technological obstacles, but they have
20  kept things on schedule.
21          And so we still anticipate that in the next four
22  months, so by December, by the end of the year, we will
23  have produced to defense everything that we believe that
24  they are entitled to get, whether that was unclassified or
25  declassified.  And then the -- also within that time frame

1    we will produce to the Court anything that we believe would
2    be covered under CIPA that would not be discoverable, along
3    with our motion explaining that in detail.
4           I can get into more fine details on the classified
5    information ex parte, but essentially we're on schedule for --
6    by the end of the year, having everything either produced or
7    to the Court that we do not intend to produce.
8           In terms of the timing, I would note that we also
9    anticipate within the next few weeks receiving -- there being
10   a defense motion for suppression of the FISAs in this case.
11   That is a motion practice that would take a few months for us
12   to respond to, three to four months for us to respond to, just
13   because of the process of getting the proper documentation in
14   front of the Court.  And so we're also looking at a similar
15   time frame in the FISA litigation of getting the Court
16   everything that it needs to review all of that.
17          So with those time frames in mind, what we think
18   makes sense at this point is to set the next status conference
19   for sometime in mid-December or sometime in January, at which
20   point everything will have been produced to the defense that
21   is going to be so that there is -- we will have a -- everyone
22   together, I think, will have a better view of -- at that
23   point of what final motion deadlines and a potential trial
24   date should be.
25          THE COURT:  And thank you for all of that.

1             What do you make generally of Mr. Gerometta's
2    concerns regarding the pace of this case compared to other
3    arguably much more high-profile cases also involving large
4    amounts of classified material and a sensitive prosecution,
5    to use a characteristic term?
6             MR. SLAVIN:  So we're moving as expeditiously as we
7    can.  One thing that differentiates this case from the other
8    cases mentioned involving classified information is the use
9    of FISA.  That generates both a lot more documentation, but
10   also involves this more complicated process for potential
11   suppression.
12            So it's -- that is an additional complexity that,
13   actually, I would say makes this case more complex than the
14   cases referenced in the defense's memorandum.  It's a lot more
15   for us to go through as the government.
16            It's also a much longer period of time.  We're
17   talking about the activity in this case ranging from 2011,
18   2012 all the way through 2017.  So there is -- it's a much
19   larger time period and a more complex situation just because
20   of the use of FISA, both in terms of the evidence it creates
21   and the litigation that's going to be coming in terms of a
22   suppression motion.
23            THE COURT:  And regarding the expected motion to
24   suppress, is it your position that you can only request
25   certain material once a motion is actually filed such that

1    you can't put these things in motion now?
2              MR. SLAVIN:  That's correct.  So because we -- we
3    have been told it's coming, the process for responding
4    involves a chain of events and a chain of people going all
5    the way up to the Attorney General that we cannot put into
6    motion until we have that motion in hand.
7              THE COURT:  Thank you.
8              MR. SLAVIN:  Thank you, your Honor.
9              MR. GEROMETTA:  Thank you, your Honor.
10             I want to first address the upcoming FISA motion.  We
11   discussed that process this morning before you took the bench.
12             I will try to get that filed by the end of next week.
13   I have got some -- I think we rescheduled this because of
14   some family circumstances I have that, knock on wood, will
15   resolve themselves.  But I'll try to get that filed by the end
16   of next week, within two weeks at the latest.  So we will get
17   that process moving.
18             You know, and it's hard in this, much like it's hard
19   to file the FISA motion, because you don't know what you're
20   really asking to be suppressed.  You know, it's hard for me to
21   comment on the government's statements that they are moving as
22   quickly as they can, because I don't have any idea what they
23   need to declassify or what's out there.
24             I only know that the search warrant in this case was
25   executed in 2017, on October 30, the date that -- excuse me --

1  I think just before October 30, the date that the defendant's
2  material support allegation was supposed to stop.
3      At that time he was taken into MDOC custody, you
4  know, not based on these charges, but based on what was found
5  in the search. And, you know, that and his MDOC violation in
6  this case are in many ways wrapped up together.
7      So he has been sitting, now, five and a half years in
8  the MDOC and, you know, during the time he has been in the
9  MDOC the government has been pulling all of his phone calls
10 and reviewing them, you know, from the JPAC system, I think
11 is the name of it, what they use for emails and phone calls.
12     THE COURT: JPAY.
13     MR. GEROMETTA: JPAY. Thank you, your Honor.
14     And they have been pulling all that and they have
15 been reviewing it. And they have been, you know, talking to,
16 you know, his -- the people in the prison about his behavior,
17 what he has been doing.
18     It seems to me like they could have used some of that
19 time, knowing that this indictment was coming, to prepare for
20 this, to start working on this declassification process.
21     And all I know is that, you know, this -- the offense
22 here ended in 2017. The investigation continued. He got
23 brought into court on the government's timing, and now it's
24 going to be -- you know, it's going to be over a year to
25 produce all the discovery.

1            It's my understanding that the last production or two
2    will be voluminous, which is going to require a lot on our end
3    to review it and get going.  So, you know, we're talking about
4    a really long delay.  We're talking about a year and a half, a
5    two-year delay from the time he was brought in and the time
6    we can go to trial, and that doesn't seem fair to him.
7            I understand this is a serious accusation, but that's
8    what it is, it's an accusation against -- against someone who
9    is entitled to all their due process rights.
10           So I would ask the Court to -- if the Court is going
11   to set a status conference, I would ask not to set it in
12   December or January.  I would ask to really set a hard cutoff
13   for the government maybe sometime in October.
14           Get them all that evidence sometime, you know, maybe
15   by October 1, October 15.  And if you can't, then we have
16   to have another status conference and maybe have the
17   government -- and I realize it's probably got to be ex parte,
18   but explain why they couldn't get it all done to you in
19   chambers, because I think -- I think what we need here is
20   a hard cutoff date to really give the government a push.
21           And I understand that even the agents here and the
22   prosecutor here don't have full control over declassifying
23   this stuff, that it's a huge channel, but I think -- I think
24   the Court needs to give the entire justice apparatus a push
25   to really get this declassification moving.

1     THE COURT: Let me just make sure I heard you
2  correctly.
3     Are you saying that you want October 1, 2023, to be
4  the cutoff date for them getting whatever declassification
5  process completed that is required as part of the response to
6  your motion?
7     MR. GEROMETTA: That's correct, your Honor.
8     THE COURT: And your view is just that it's already
9  been a long time and we're looking at an even longer time,
10 why wait until December, why not October?
11    MR. GEROMETTA: That's correct, your Honor.
12    THE COURT: Okay.
13    MR. GEROMETTA: Thank you.
14    THE COURT: Thank you.
15    Well, Mr. Slavin, I know that you're in the
16 unenviable position, to some degree, of -- you know, you are
17 the face of the government. If I adopt Mr. Gerometta's
18 request and I say October 1, what is the harm in me setting
19 that and then putting you to your -- through your paces and
20 requiring you all to provide responsive information by that
21 date?
22    MR. SLAVIN: I think the harm is to the -- I just
23 don't know -- I don't think it's possible.
24    THE COURT: You don't know or you --
25    MR. SLAVIN: I -- based on the materials that I

1   have seen, to get everything -- now, I'll say -- what we
2   have to do at this point is we have to finish identifying
3   information that is discoverable, not discoverable.
4           We have to figure out which of that we can produce to
5   the defense and then we have to deal with anything that -- any
6   obstacles due to classification issues that I can't discuss in
7   detail in this setting.  So we need time to do all that for a
8   large number of documents.
9           Once all of that is done then there is having to sit
10  down and actually write through what I think is certainly
11  going to be a very significant, in terms of length, CIPA
12  motion.  And again, I can't get into exact details in this
13  setting.  So it's just in terms of just how much there is
14  to do and how much time there is.
15          We have put in a very large amount of resources into
16  actually doing this and the FBI has fully staffed this and has
17  met all of their -- you know, all of their timelines in terms
18  of getting through the documents.
19          Part of the obstacle at this point is me and
20  Ms. Mohsin having to go through it all as the only attorneys
21  who know everything about this case to where we can, you know,
22  fully make the final calls.
23          We have a lot to do ourselves, and I have been coming
24  out here to Detroit to sit at the FBI and go through these
25  things and going through a large number of documents.  And

1  Ms. Mohsin was doing it by my side until she had some medical
2  issues that she has had to deal with herself.
3      So it's just the sheer volume of information that
4  the FBI has done a good job handling, but we only have -- we
5  have two attorneys who know this case well enough to get
6  through it.
7      And then it's just the process of getting it through,
8  you know, the review of whether it's something that we can
9  declassify and then produce and then a lot of writing on --
10 in a classified setting to just get through it all.
11     So that's -- you know, we're almost to the end of
12 August. We're halfway through August already. We're
13 August 9. So October 1 is a month and a half. I don't
14 see any way that we can get through all that by October 1.
15     Now, we're going to be producing rolling productions
16 to the defense as we go, so we're doing this piecemeal instead
17 of doing it all at once so that we can get the defense as much
18 as possible.
19     And my contention is, we're not actually going to
20 be slowing the process down by doing our full review, because
21 defense is going to have its hands full in reviewing. And
22 there's already a significant amount of documents outstanding
23 that defense can review. Then there's going to be a lot more
24 coming in the meanwhile.
25     So by October 1, defense is going to have a lot of

1   documents in its hands that it can do its work on, so there's
2   a lot of work to be done for them.  So we're going to keep
3   them busy throughout the fall.  So no time will be wasted,
4   you know, on the defense side.
5           THE COURT:  Well, Mr. Gerometta says he can handle
6   it.  He has got folks that are both in the courtroom and
7   in the office that are standing by and they are prepared,
8   preparing for this process.
9           So what I'm going to do is I am sensitive to your
10  concerns, Mr. Slavin, but you all have set this case in motion
11  and we do need it to move and move expeditiously, and I know
12  that time is passing.
13          I'm going to set a date of -- is November 1 a Monday,
14  Mr. Carroll?
15          THE CLERK:  It is a Wednesday, Judge.
16          THE COURT:  Thank you.
17          So Monday, November 6, is the cutoff date that the
18  Court is setting, Monday, November 6, 2023.
19          We will have a status conference on Monday,
20  November 13.
21          Is there an afternoon that is available with the
22  Court's schedule Monday, November 13, afternoon?
23          THE CLERK:  Yes.  We will be in the Fordham trial,
24  but after that.
25          THE COURT:  So we're going to set a time at 3:30 p.m.

1  on Monday, November 13, 2023, for the next status conference.
2          So it will be clear whether or not you all have met
3  that deadline or you -- well in advance of that, I would
4  expect for you to alert the Court as to reasons why you simply
5  cannot, and we will address it at the time of the status
6  conference.
7          So Mr. Gerometta, it's not everything that you
8  wanted, but it's some of it.
9          MR. GEROMETTA:  Thank you.
10         THE COURT:  And I do recognize that time is passing.
11         MR. GEROMETTA:  Thank you.
12         Can I have one moment to consult with Mr. Naser?
13         THE COURT:  You may.
14         MR. SLAVIN:  And, your Honor, if I could ask for one
15 quick clarification.
16         That November 6 date, is that the date to produce all
17 of the classified discovery or also for submitting our CIPA
18 motions to the Court?
19         THE COURT:  It is to produce all the discovery and --
20 and the motion.  And so I want you to alert the Court that --
21 you know, if it's three weeks ahead of that date and for some
22 reason you're like, hey, we have got all of the documents but
23 we just simply cannot produce this motion, then I want you to
24 alert the Court.
25         MR. SLAVIN:  Understood.  Thank you.

```
 1              THE COURT:  Okay?  Thank you.
 2       (Discussion held off the record at 12:04 p.m.)
 3              THE COURT:  And I know, Mr. Slavin, that you're based
 4   in Washington, D.C., but you may have to be here for those --
 5   these next couple months.  You may be seeing a lot more of
 6   Detroit.  The weather will still be good up until that time.
 7              MR. SLAVIN:  I have had the bad luck of every time
 8   coming here, multiple times, and still never being able to
 9   catch a Tigers game.  So maybe I can fix that.
10              THE COURT:  Well, I don't know what the fall will
11   be like as far as their success, but...
12              MR. GEROMETTA:  Your Honor, could I approach briefly?
13              THE COURT:  You may.
14              MR. GEROMETTA:  Your Honor, I have two issues.
15              Number one is, as the Court knows, we litigated an
16   IED waiver last time -- or not waiver -- the motion.
17              Just on behalf of Mr. Naser, I would reiterate
18   that he is not waiving any of those rights.  I don't think
19   the Court needs to do anything, just take note of that.
20              And number two is, the date written down here,
21   the June 5, 2023, the last time we were here at a status
22   conference, that transcript was sealed.  I have reviewed that
23   transcript.  I believe the government has also.  We would ask
24   that that transcript be ordered unsealed so it can be part of
25   the public record.  And I don't believe the government has
```

1  any opposition to that.
2          MR. SLAVIN:  We would not object to that.
3          THE COURT:  Thank you.  Then I will grant your
4  request to unseal the June 5, 2023, transcript.
5          And the other matter regarding detainer is noted for
6  the record.
7          MR. GEROMETTA:  Thank you.  I appreciate it.
8          THE COURT:  Thank you.  If there is nothing further,
9  this matter will be adjourned.
10         MR. GEROMETTA:  Thank you.
11         THE COURT:  Thank you.
12         Mr. Slavin, would you approach?
13         (Proceedings adjourned at 12:06 p.m.)
14                   *     *     *
15
16
17           **CERTIFICATE OF COURT REPORTER**
18
19    I certify that the foregoing is a correct transcript
20  from the record of proceedings in the above-entitled matter.
21
22      *s/ Rene L. Twedt*                **October 4, 2023**
    RENE L. TWEDT, CSR-2907, RDR, CRR, CRC      Date
23     Federal Official Court Reporter
24
25