UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

          Plaintiff,

vs.

AWS MOHAMMED NASER,

          Defendant.

_____/

Case No. 22-CR-20504

Hon. Jonathan J.C. Grey

# GOVERNMENT'S MEMORANDUM OF LAW AND MOTION FOR A PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 16(D)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The United States respectfully moves, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 4 and Federal Rule of Criminal Procedure 16(d)(1), for a protective order authorizing the government to withhold certain classified material from discovery.

On October 5, 2022, Defendant Aws Mohammed Naser was charged by indictment with one count of attempting to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1), and one count of being a felon in possession of a destructive device, in violation of 18 U.S.C. § 922(g)(1). ECF 1. The evidence the Government plans to introduce at trial will show that Naser attempted to support a designated foreign terrorist organization, namely the Islamic State of Iraq and al-Sham ("ISIS") and its predecessor al Qaeda in Iraq ("AQI"),

first by attempting to travel to join the organization and then by assembling a destructive device for the organization.

The Government has thoroughly reviewed all classified information it has obtained relating to this case to identify whether it may be obligated to produce it under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500.

Under CIPA and the governing case law, classified material, which may otherwise be discoverable, may be withheld from discovery if it is not "relevant and helpful" to the defense, or if the defendant's need for the information does not outweigh the risks of harm to national security that would result from its disclosure. *See Roviaro v. United States*, 353 U.S. 53 (1957); *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989). *See also United States v. Asgari*, 940 F.3d 188, 191 (6th Cir. 2019).

In this case, the Government has determined that the classified materials subject to this motion, described in the classified version of this motion filed through the Classified Information Security Officer ("CISO"), are not relevant and helpful to the defendant. Accordingly, the Government filed an *ex parte*, *in camera* motion to bring these classified materials to the Court's attention and to request entry of a protective order, pursuant to CIPA Section 4 and Rule 16(d)(1), authorizing the withholding of these materials from discovery.

The Government is filing the motion and supporting materials under seal through the CISO or his designee because an adversarial or public proceeding would result in the unauthorized disclosure of classified information.

The United States respectfully requests that the Court: (1) conduct an *in camera* and *ex parte* review of the government's submission pursuant to CIPA Section 4 and Rule 16(d); (2) grant the Government the opportunity to

respond in an *ex parte*, *in camera* manner should the Court have any questions regarding this submission (*United States v. Amawi*, 695 F.3d 457, 473 (6th Cir. 2012)); (3) conclude that the materials in question are not both relevant and helpful to the defense (4) grant the protective order authorizing the Government to withhold the material from discovery; and (5) order that the entire text of the classified motion and all accompanying exhibits not be disclosed to the defense but rather be sealed and preserved in the records of the Court, by the Classified Information Security Officer, as provided in the security procedures pursuant to Public Law 96-456 by the Chief Justice of the United States for the Protection of Classified Information (effective January 15, 2011), to be made available to the appellate court in the event of an appeal.

## I. THE LAW REGARDING DISCOVERY INVOLVING CLASSIFIED MATERIALS

### A. CIPA § 4

Rule 16(d)(1) expressly authorizes the government to make an *in camera*, *ex parte* showing that discovery should be limited or denied. Further, Rule 16(d)(1) provides in part:

> **Protective and Modifying Orders**. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect *ex parte*. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Similarly, for classified information, Section 4 of CIPA provides that a district court:

> upon a sufficient showing, may authorize the United States to delete specific information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such

3

classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

Section 4 of CIPA provides that "[t]he court may permit the United States to make a request" to deny or limit discovery of classified information "in the form of a written statement to be inspected by the court alone." This procedure has been upheld as proper practice. *Asgari*, 940 F.3d at 192 (discussing that nothing in CIPA Section 4 "suggests that defense counsel has a role to play when the district court assesses the relevance or helpfulness of the classified information" noting instead that the "statute refers to the district court's assessment of these factors through an *ex parte* hearing…that occurs without the defendant's knowledge.").

The rationale for allowing *ex parte* submissions pursuant to CIPA Section 4 is rooted in the purpose of this provision. As the Sixth Circuit reasoned, "the statute vests the district court, a confidential arbiter, with responsibility to evaluate the information's relevance" because "the Act recognizes the government's interest in preserving the secrecy of national security confidences." *Id.* at 191. *See also United States v. Campa*, 529 F.3d 980, 994-95 (11th Cir. 2008) ("The right that section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view.").

### B. Rule 16

Rule 16(a)(1) identifies specific categories of information or materials that are "subject to disclosure" after a defendant's request.

Under Rule 16(d), sensitive law enforcement information may properly be withheld from the defense. Fed. R. Crim. P. 16(d). "'Good cause' includes

4

the protection of information vital to the national security." *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988) (Rule 16(d) gives courts power "to deny or restrict discovery in order to protect national security.").

### C. *Brady*

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the United States must produce to the defense, in time for effective use at trial, any evidence favorable to the accused that is material to guilt or punishment. Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Youngblood v. West Virginia*, 547 U.S. 867, 870 (2006) (citations omitted). In other words, there must be a "showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.* (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)). In *Kyles*, the Supreme Court held that, in analyzing materiality, the touchstone inquiry is whether, in the absence of the evidence at issue, the defendant could receive a fair trial; that is, a trial resulting in a "verdict worthy of confidence." *Kyles*, 514 U.S. at 434-35. There is no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all investigation done on the case. *Moore v. Illinois*, 408 U.S. 786 (1972).

### D. **CIPA and the Relevant and Helpful Standard**

CIPA governs how federal courts address and process matters concerning the discovery, admissibility and use of classified information in criminal cases. CIPA was "designed to establish procedures to harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (internal

quotation omitted). By its plain terms, CIPA "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial" while simultaneously ensuring that a defendant's right to present evidence in his defense is not compromised. *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006).

CIPA "Section 4 is a procedural safeguard." *Asgari*, 940 F.3d at 191. "CIPA has no substantive impact on the admissibility or relevance of probative evidence." *United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998). Rather, CIPA "simply ensures that questions of admissibility will be resolved under controlled circumstances calculated to protect against premature and unnecessary disclosure of classified information." *Baptista-Rodriguez*, 17 F.3d at 1364. Put another way, CIPA "creates no new rights of or limits on discovery . . . . Rather it contemplates an application of the general law of discovery in criminal cases to the classified information area." *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989).

Because CIPA governs the handling of classified information, any motion under CIPA must establish that the information at issue is indeed classified and subject to a claim of privilege. *Sarkissian*, 841 F.2d at 966. The relevant privilege is the "classified information privilege." *See Yunis*, 867 F.2d at 622-23.

The Government has a "compelling interest in withholding national security information from unauthorized persons in the course of executive business." *Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988). As the Supreme Court has repeatedly stressed, courts should be "especially reluctant to intrude upon the authority of the Executive in . . . national security affairs." *Egan*, 484 U.S. at 530. Accordingly, courts have recognized that the determination of whether to classify information is a matter committed solely

6

to the Executive Branch: "The government . . . may determine what information is classified. A defendant cannot challenge this classification. A court cannot question it." *United States v. Smith*, 750 F.2d 1215, 1217 (4th Cir.), *vacated on other grounds*, 780 F.2d 1102 (4th Cir. 1985).

To give context to the classified information privilege as it applies to the Government's discovery obligations, federal courts have adopted the balancing test used in regards to the government's confidential informant privilege as set forth in *Roviaro*. *Yunis*, 867 F.2d at 623. In *Roviaro*, the Supreme Court held that the confidential informant privilege implicates two fundamental competing interests: (1) the interest of the defendant in mounting a defense; and (2) the public interest in enabling the government to protect its sources. The Court relied on two basic principles to resolve the competing interests. First, it noted that the defendant's interest was triggered *only* when information in the Government's possession was "relevant and helpful." *Id.* at 60. Second, if the evidence is deemed relevant and helpful, the Court held that resolving the interest "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare a defense." *Id.* at 62.

(U) The Sixth Circuit has recognized *United States v. Yunis*, from the D.C. Circuit, as the "leading case construing whether courts can permit the government to withhold evidence from discovery under CIPA § 4." *United States v. Amawi*, 695 F.3d 457, 469 (6th Cir. 2012). In *Yunis*, the D.C. Circuit applied the reasoning of *Roviaro* in interpreting the statutory requirements of CIPA and held that classified information may be withheld from discovery when the information is not relevant or when the information is relevant but not helpful to the defense. *Yunis*, 867 F.2d at 622-23. In *Yunis*, the court held that the mere fact that certain conversations were recorded could disclose

7

classified information about the United States' "intelligence gathering capabilities." *Id.* Specifically, *Yunis* recognized that much of the government's national security interest "lies not so much in the contents of the [Rule 16] conversations, as in the time, place and nature of the government's ability to intercept the conversations at all." *Id.*

Courts considering issues under CIPA have applied the "relevant and helpful" standard in assessing the discovery of classified information. *Asgari*, 940 F.3d at 191; *Amawi*, 695 F.3d at 470; *United States v. Hanna*, 661 F.3d 271, 295 (6th Cir. 2011); *United States v. Mejia*, 448 F.3d 436, 455-57 (D.C. Cir. 2006); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1988); *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990); *United States v. Pringle*, 751 F.2d, 419, 426-28 (1st Cir. 1984). A court applying this standard should "err on the side of protecting the interests of the defendant." *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998). *See also* David S. Kris & Douglas Wilson, National Security Investigations and Prosecutions 169 & n. 33 (2d ed. 2012) (collecting cases and concluding most courts now follow the *Yunis* "relevant and helpful" standard).

Only if the information is found to have met the "relevant and helpful" standard does the Court go on to engage in the balancing of interests of the defendant and national security just as described in *Roviaro*. *Sarkissian*, 841 F.2d at 965.

Duplicative or cumulative classified information is not relevant and helpful to the defense and therefore may be deleted under CIPA Section 4. *See, e.g.*, *United States v. Renzi*, 769 F.3d 731, 751 (9th Cir. 2014); *United States v. Moalin*, 2013 WL 6079518, No. 10- 4246, at *9 (S.D. Cal. Nov. 18, 2013) (authorizing the deletion of classified materials "either because the materials were not relevant or [were] cumulative to other materials already

8

produced to the Defendants[.]"), aff'd, 973 F.3d 977 (9th Cir. 2020); *United States v. Passaro*, 577 F.3d 207, 219-20 (4th Cir. 2009) (authorizing the exclusion of cumulative classified information because CIPA "permits the district court to exclude irrelevant, cumulative, or corroborative classified evidence").

## II. THE GOVERNMENT SEEKS TO WITHHOLD MATERIALS FROM DISCOVERY UNDER CIPA § 4 AND RULE 16(D)(1)

The United States seeks authorization to withhold certain classified information from discovery. These items are not relevant and helpful to the defense.

### III. CONCLUSION

The items the Government is requesting to withhold are not exculpatory or in any way helpful to the defense or are cumulative.

Because this material is not discoverable, the Court need not balance the national security interest in protecting the information against Naser's interest in using this information for his defense. Based on the foregoing, pursuant to Section 4 of CIPA and Rule 16(d)(1), the United States respectfully requests that the Court issue a sealed protective order authorizing the government to "delete" from discovery the materials described in its classified motion.

The United States also respectfully requests that the Court order that the entire text of the Court's classified order and the government's classified motion and all accompanying exhibits shall not be disclosed to the defense; rather, the United States respectfully requests that, pursuant to CIPA Section 4, these materials be sealed and preserved in the records of the Court to be made available to the appellate court in the event of an appeal.

If the Court desires further information or argument, or believes these

9

items should not be deleted from discovery, the Government requests an *ex parte* hearing consistent with applicable CIPA procedures. *See Asgari*, 940 F.3d at 192.

Because the Government's motion is filed *ex parte*, it is unable to seek concurrence from the defense.

        Respectfully submitted,

        DAWN N. ISON
        United States Attorney

        /s/ *Saima S. Mohsin*
        SAIMA S. MOHSIN
        Assistant United States Attorney

        /s/ Dmitriy Slavin
        DMITRIY SLAVIN
        Trial Attorney

        Date: November 30, 2023