```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION

United States of America,

                    Plaintiff,

-v-                                          Case No. 22-20504

Aws Mohammed Naser,

                    Defendant.
_____/

                       STATUS CONFERENCE
                       February 14, 2024

         BEFORE THE HONORABLE JONATHAN J.C. GREY
                 United States District Judge

      Theodore Levin United States District Courthouse
                231 West Lafayette Boulevard
                     Detroit, Michigan


APPEARANCES:

FOR THE PLAINTIFF:    SAIMA MOHSIN
                      United States Attorney's Office
                      211 West Fort Street, Suite 2001
                      Detroit, Michigan  48226
                         and
                      DMITRIY SLAVIN
                      DOJ-NSD, Counterterrorism Section
                      950 Pennsylvania Avenue NW, Suite 7600
                      Washington, DC  20530

FOR THE DEFENDANT:    JAMES GEROMETTA
                      AMANDA BASHI
                      Federal Community Defender
                      613 Abbott Street, Fifth Floor
                      Detroit, Michigan  48226



           To Obtain a Certified Transcript Contact:
            Rene L. Twedt, CSR-2907, RDR, CRR, CRC
                    www.transcriptorders.com
```

TABLE OF CONTENTS

**MATTER**                                                                        **PAGE**

**STATUS CONFERENCE**

Discussion Re: Defendant Proceeding Pro Se.............     4
Sealed Proceedings Held Under Separate Record..........     6

   (Sealed Proceedings, Pages 7 - 20, Under Separate Cover)

Discussion Re: Scheduling Pro Se Motion................    21
Discussion Re: Discovery...............................    22
Discussion Re: Scheduling Motion to Suppress...........    25


**EXHIBITS**                                                                  **RECEIVED**

                    (No Exhibits Offered)


CERTIFICATE OF COURT REPORTER..........................    27

1  Detroit, Michigan

2  February 14, 2024

3  3:12 p.m.

4              *     *     *

5         THE CLERK:  All rise.  The United States District
6  Court for the Eastern District of Michigan is now in session
7  before the Honorable Jonathan J.C. Grey.

8         You may be seated.

9         The Court now calls Case Number 22-cr-20504, the
10  United States of America versus Aws Mohammed Naser.

11        Will counsel please place their appearances for
12  the record, starting with the government.

13        MS. MOHSIN:  Good afternoon, your Honor.  Saima
14  Mohsin, Assistant United States Attorney, appearing on behalf
15  of the United States.

16        To my right is Trial Attorney Dmitriy Slavin with
17  the National Security Division.

18        MR. SLAVIN:  Good afternoon.

19        THE COURT:  Good afternoon to both of you.
20  Thank you.

21        MR. GEROMETTA:  James Gerometta.

22        The Court is aware there is a motion for Mr. Naser
23  to proceed pro se, so out of respect for him, I won't say on
24  his behalf, but I have not been allowed off or the motion
25  hasn't been ruled on, and I'm here to assist him however

1  I can.
2              MS. BASHI:  Good afternoon.  Amanda Bashi from the
3  Federal Community Defender as well.
4              THE COURT:  Thank you both.  Good afternoon to you.
5          And good afternoon to you, Mr. Naser.
6              THE DEFENDANT:  Good afternoon, sir.
7              THE COURT:  Thank you.
8          And I did receive this six-page document just before
9  the hearing.  I have a copy of it.  There is a lot in here,
10 but the essence is that, Mr. Naser, you are seeking to
11 potentially represent yourself; is that right?
12             THE DEFENDANT:  That's correct, your Honor, for now.
13             THE COURT:  And have you discussed this with
14 Mr. Gerometta or Ms. Bashi?
15             THE DEFENDANT:  Yes, we had this discussion.
16             THE COURT:  Mr. Gerometta, how would you like to
17 proceed?
18             MR. GEROMETTA:  Your Honor, I mean, I'll just be
19 frank with the Court and Mr. Naser.
20         I think it's a mistake for him to represent himself,
21 but I understand where he's coming from and his frustration
22 with this case.  It's the same thing I said to him.
23         I think the Court needs to address this.  And
24 whatever Mr. Naser decides, he decides.  This is the most
25 important thing in his life, and he needs, I think, to have

1  some agency over it, and I think that's how he feels.
2          THE DEFENDANT: I agree with that.
3          THE COURT: And Mr. Naser, I just want to make sure
4  that it's clear for the purposes of the record and just want
5  to say to you, I understand that you wish that you would
6  have had a trial sooner.
7          I have had this case for less than a year. I have
8  set it for a trial as soon as it could be set. We do have
9  a trial date of September 10, 2024. So I know that you wish
10 it could happen much sooner, but that is the soonest that it
11 can happen. And I understand that that is frustrating and --
12 to have to hear that and to also have to hear that while being
13 in custody.
14         So I want to acknowledge that, but I wanted to say it
15 to you. So it's not that the Court wants to push anything
16 back, but this is the soonest that it could be done.
17         There are some motions that are still pending, and
18 I recognize that, but they will be addressed, and they will
19 be addressed well before trial.
20         Ms. Mohsin or Mr. Slavin, I'm assuming you don't have
21 a copy of this document?
22         MS. MOHSIN: We have been provided a copy,
23 your Honor. And to the extent that the Court would like to
24 do an inquiry ex parte, we would be happy to step outside if
25 the Court so desires.

```
 1                THE COURT:  Why don't we do that.
 2                MS. MOHSIN:  Thank you, Judge.
 3                THE COURT:  Thank you.
 4                (Government counsel and those present in the
 5                 gallery left the courtroom at 3:16 p.m.)
 6                THE COURT:  So this portion of the record will be
 7    sealed, as I'm going to be asking some things that bear on
 8    the attorney-client relationship, and for that reason, these
 9    things are sealed.
10                            *     *     *
11       (Proceedings held under seal from 3:17 p.m. to 3:32 p.m.,
12         comprising pages 7 - 20, resuming herein at page 21.)
13                            *     *     *
```

```
 1                        *     *     *
 2        (Proceedings resumed in unsealed session at 3:33 p.m.)
 3                        *     *     *
 4             THE COURT:  So the Court has deferred a decision on
 5   the motion, and I'm treating this as a motion.  We're going to
 6   come back in about six weeks.  So --
 7             MR. GEROMETTA:  And your Honor, the Court mentioned
 8   the last week in March.  That is not a great week for me.
 9   If there is anything available the next week, that would be
10   better.
11             THE COURT:  Monday, April 1, at 3:00 p.m.
12             MS. MOHSIN:  Can we do it later that week, Judge?
13   I'm going to be out.
14             THE COURT:  Okay.  Are you both in on Thursday
15   the 4th?
16             MS. MOHSIN:  Yes, your Honor.
17             MR. GEROMETTA:  I will make it work, because I feel
18   like I have gotten my one pass already.  So...
19             THE COURT:  Thank you.  Thursday, April 4.  I'm going
20   to say 2:45.  2:45 p.m.  So I will caption that as a status
21   hearing/hearing on the pro se motion.
22             And I know that this is a status, and I know that
23   you all are also awaiting a ruling on the prior motion for
24   disclosure, and there was just a recent motion to suppress
25   that was filed as well.
```

1            The government hasn't yet had time to submit its
2    response, but I anticipate that you will be filing a written
3    response; is that right?
4            MS. MOHSIN:  Absolutely, your Honor.
5            THE COURT:  Okay.  Are there other matters that
6    either party wanted to address in this hearing?
7            MS. MOHSIN:  Nothing for the government, your Honor.
8            MR. GEROMETTA:  Your Honor, there is one issue.
9            Because we are -- not to go into too much of what was
10   in the sealed hearing, but really going to be focused on some
11   discovery review, a huge volume of this discovery was pole cam
12   footage, I think over seven months of it.
13           And to sort of utilize our time the best available,
14   if the government -- I know they haven't selected which second
15   or minute, but if they have any idea of what portion or what
16   dates or what month they might use pole cam from, that would
17   be helpful, instead of trying to fast forward through seven
18   months of pole cam and see what's going on.
19           MS. MOHSIN:  Judge, we had an opportunity to talk
20   about that very briefly at the last hearing.  We're more than
21   happy to provide that information, we just don't have it yet.
22   So once we have sort of gone through and made decisions about
23   which items we're going to use, we will be more than happy to
24   share that information with the defense, but we just don't
25   have that information available yet.

1            THE COURT:  Do you think you'll have any of that
2    information prior to the next status?
3            MS. MOHSIN:  It's possible, but it is a very large
4    volume of information that we also have to go through.
5    And what I'm loathe to do is identify a few items and then
6    trickle in and say there's more, there's more, there's more,
7    because -- for obvious reasons.
8            So again, we're happy to provide it.  You know,
9    there's nine months before trial.  We'll try to get it to them
10   as soon as we can, but it's going to take us some time, as
11   well, to identify those materials.
12           And as I have already represented to counsel that
13   to the extent that we can engage in that sort of pretrial
14   exchange of here's what we're going to use, et cetera, we're
15   happy to do that, but we are dealing was large volume of
16   material.  There is a lot of forensic evidence in this case.
17   There are translations.  So as we work through those things,
18   you know, we're happy to provide to the defense what we can
19   once we have it in a format that is reasonably reliable as
20   the universe of items we're going to use.
21           THE COURT:  Thank you.
22           MR. GEROMETTA:  I can just say on behalf of --
23   I understand the government doesn't want to pigeon hole itself
24   in, but to the extent they have identified any idea, it's okay
25   if what part of the pole cam they want to use trickles in.

1   But, you know, right now I have got seven months of pole cam
2   and I have no idea what might possibly be on it other than
3   him, you know, going to work.
4           You know, I'm sure there is -- because I'm sure
5   there's something else on there, but, you know, what subject
6   matters they are looking for, just any clue and any idea as
7   they go and identify it, so that we can take a look at that,
8   that would be helpful, because clearly we cannot review seven
9   months of pole cam footage and prepare for trial.  I mean,
10  it's just not realistic or feasible.
11          THE COURT:  Thank you.
12          It does seem to be a reasonable request, but I do
13  take you at your word, Ms. Mohsin, that it's a challenging
14  request to parse through.
15          It seems reasonable that as you know, if you have
16  some kind of indication that, hey, we know that this 30-minute
17  segment, it's likely going to be of some import, some focus
18  later on, we can go ahead and give you a heads up.  We can't
19  tell you anything more for another three weeks, because it's
20  going to take us that long to get to the next section.
21          So I'm not going to order you to do that, but I take
22  you at your word that you are working with opposing counsel
23  to narrow down what you can, when you can, and where you can.
24          MS. MOHSIN:  Thank you.
25          THE COURT:  Thank you.

1         MR. GEROMETTA:  Thank you, Judge.

2         THE COURT:  Is there anything further for the Court's
3   consideration today?

4         MR. GEROMETTA:  Not at this time, your Honor.

5         The only thing -- I know the government still needs
6   to respond to our suppression motion.  We may need to serve
7   some subpoenas.  I assume this motion is going to require an
8   evidentiary hearing.  I don't know if the government --

9         MS. MOHSIN:  We don't believe a hearing is necessary.

10        MR. GEROMETTA:  Okay.  So I guess we will wait and
11  see if the Court orders a hearing before I ask about a hearing
12  date.

13        So an evidentiary hearing, I assume there might be
14  some argument or something.

15        MS. MOHSIN:  Sure.  I'm not sure that we're going to
16  have to have an evidentiary hearing, whether the Court wants
17  to set for argument, but I would ask the Court to allow us to
18  respond to the motion before setting a date for an evidentiary
19  hearing.

20        THE COURT:  Well, why don't we go ahead and calculate
21  what date it might be for oral argument.

22        Ms. Osorio, would you approach, and Mr. Carroll?
23     (Discussion held off the record at 3:40 p.m.)
24        THE COURT:  I'm going to set a hearing April 22,
25  2024, at 10:00 a.m.

1    And just in the interests of disclosure to you all,
2    it's not set for the earlier date because we won't have enough
3    time to actually have argument that day.  The Court will be
4    in trial all morning up until 2:30.
5        So this is the soonest that it would accommodate oral
6    argument, and if it's determined that an evidentiary hearing
7    needs to be held, that would take place at the same time.
8        So that will be the date set for a hearing on the
9    motion to suppress.  And I appreciate all counsel's attention
10   to this matter.  I know that there is still briefing going
11   on, and you all are awaiting the Court's ruling on the other
12   matters.
13       We will definitely be issuing a ruling, and we will
14   stay tuned prior to the next status.  We will take up the
15   other matter at the next status.
16       And I know you said you might be filing a motion in
17   total about shackles.
18       MR. GEROMETTA:  Yes.
19       THE COURT:  I will await that.
20       MR. GEROMETTA:  Thank you, your Honor.  There may be
21   other traditional Rule 12 pretrial motions filed also.  We're
22   working our way through it.  It's a lot.
23       THE COURT:  Yes.  And we are -- we are approaching
24   trial.  So the Court certainly anticipates that there may be
25   some other motion practice happening.

1          But I appreciate everyone.  This matter is adjourned.
2  Thank you.
3          MS. MOHSIN:  Thank you, your Honor.
4          MR. GEROMETTA:  Thank you, your Honor.
5          THE CLERK:  All rise.  Court is adjourned for the
6  day.
7              (Proceedings adjourned at 3:44 p.m.)
8                      *     *     *
9
10
11               **CERTIFICATE OF COURT REPORTER**
12
13     I certify that the foregoing is a correct transcript
14  from the record of proceedings in the above-entitled matter.
15
16 _____*s/ Rene L. Twedt*_____          **February 26, 2024**
   RENE L. TWEDT, CSR-2907, RDR, CRR, CRC      Date
17     Federal Official Court Reporter
18
19
20
21
22
23
24
25