UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CR. NO. 22-20504

v.                                        Hon. Jonathan C. Grey

AWS NASER,

        Defendant.

---

**AWS NASER'S REPLY TO THE GOVERNMENT'S RESPONSE [ECF 142] REGARDING ITEMS UNDER SEAL AND MARKED SENSITIVE**

---

The government filed one response that attempts to do three different things at once: (1) address Naser's motion to unseal exhibits, (2) move to withdraw those exhibits from the record, and (3) address Naser's request to desensitize certain discovery. It does not meaningfully accomplish any of these.

The government appears overly concerned that negative information about the FBI might be disclosed if certain discovery is desensitized and exhibits are unsealed. Its response urges the Court to conceal the documents on that basis. The government's focus is Trevor Aaronson, a journalist[1] who has taken an interest in Naser's case and

---

[1] Trevor Aaronson's reporting has focused on post-9/11 terrorism investigations. Aaronson was a fellow at the University of California, Berkley, Graduate School of Journalism when he received a grant to create a database of federal terrorism prosecutions.
https://vcresearch.berkeley.edu/news/journalism-school-fellow-investigates-fbi-use-informants-

1

continues to interview Naser about his experiences both before and during this prosecution. To date, the only publication of Naser's framing of the FBI's case against him has been within the government's response. To counsel's knowledge, Aaronson has not published or quoted Naser anywhere. The government cannot keep information secret that should otherwise not be, simply because they do not like the light in which it paints the FBI. Because there is no reasonable basis to hide this material, Naser's motions should be granted.

### A. Government's improper motion to withdraw exhibits

As an initial procedural matter, the government's response contains within it a motion to withdraw the exhibits it filed in support of its response brief regarding the warrantless searches by TFO Wright. (Gov't Resp., ECF 142, PageID.1323, 1336) It cites no authority for its motion. The motion is not even properly before the Court. Indeed, this Court's practice guidelines[2] and the local rules prohibit any motion from being made within a reply or response brief. *See* Local Rule 7.1(d). The exhibits have already been before this Court and are critical and material to the factual issues presented by the pending motion. There is no basis for their withdrawal from this Court's record.

### B. The government concedes there is a presumption in favor of access to public record and documents.

---

muslim-communities-post-911 His interest in Naser's case is therefore unsurprising, given the charges and the government's allegations against Naser.
[2] *See* Practice Guidelines for Judge Jonathan J.C. Grey, Motion Practice (part 1/2) https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=26 ("Motions may not be included within or appended to a response or a reply. . .")

2

The key case cited by the government, *United States v. Beckham*, held that it was an abuse of discretion for the district court to *deny* news media permission to copy documentary exhibits. 789 F.2d 401, 412 (6th Cir. 1986). And that was at a trial, where the jurors' access to information was a key concern not present here, as this is only an evidentiary hearing. The government concedes "there is a presumption in favor of access." (Gov't Resp., ECF No. 142, PageID.1327.)

The government misconstrues the concept of "incremental gain." (Gov't Resp. ECF No. 142, PageID.1329.) The term refers to the amount of information to be gained by the public by release of exhibits *during* a *trial*, as opposed to after the jury reaches a verdict. *See United States v. Fox,* No. 1:20-CR-183, 2022 WL 1025942, at *2 (W.D. Mich. Mar. 7, 2022*) (*applying *Beckham*). The term *presumes* the exhibits will ultimately be unsealed. Moreover, the term is relevant at a trial setting where there is a jury but not where, as here, the exhibits are part of an evidentiary hearing that is expected to conclude within one to two business days and this Court is the sole fact finder.

Discounting these hollow arguments, the only thing left is the government's fear about how the FBI might be viewed if the exhibits are unsealed. The more it fights to keep the exhibits sealed, the more the government increases any sense of "scandal" – something Naser has, as the government argues, no real audience for anyway.

Perplexingly, the government argues that local media have no significant interest in Naser's case, but in the same paragraph prints a quote from a local media outlet about

3

Naser's case and specifically about the government's published version of events. (Gov't Resp. ECF No. 142, PageID.1328.) Meanwhile, Naser's desire for the actual documents in his case to be unsealed goes directly to his desire to avoid the same thing the government wants to avoid: "a one-sided" story. That a journalist or member of the public could evaluate the information itself rather than the government's or Naser's characterization of the documents would actually *alleviate* the government's concerns, and is far from improper.

Naser must contest the government's characterization of the witnesses as "disinterested, uninvolved third parties." (ECF No. 142, PageID.1335.) All of the witnesses interviewed were law enforcement employees The exhibits were *already* redacted (interview locations, addresses, or personal identifying information was redacted).

Finally, the government's contention that it did not have to disclose the material in the exhibits runs afoul of discovery rules and Supreme Court precedent. While disclosure may not have been contemplated by Rule 16 or the Jencks Act, it is covered by the Local Rules, this Court's Practice Guidelines, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

## C. The government offers no meaningful response to Naser's request to desensitize certain discovery items

Whether discovery should be sealed or hidden via protective order is not a mathematical question. The government's response implies that because it marked approximately 95% of the discovery as general, it should get the benefit of the doubt as

4

to the other 5%. The problem with this is that, as far as defense counsel can tell, the great majority of the discovery produced is irrelevant, and some of it is produced in duplicate. So, even if math was a relevant factor for the Court to consider, the government's math is off, by a lot.

In focusing on math, the government entirely ignores the legal framework required and the many important bases Naser advanced in his motion to desensitize specific things. Defense counsel painstakingly reviewed each item and considered the basis for it to be sensitive. For its response, the government offers no meaningful justification for keeping things like Naser's own financial records and public electronic information marked as sensitive. Instead, it makes two broad arguments: some of it is grand jury material and a few documents are surveillance logs. Both issues this Court can dispense with expeditiously.

Under Federal Rule of Criminal Procedure 6(e)(3)(E)(i), "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs— of a grand-jury matter preliminarily to or in connection with a judicial proceeding." Given the nature of the grand jury information here – mostly Naser's own financial records, photos of his home, his own MDOC records, and open search results – the Court can resolve this issue by simply ordering these items disclosed and desensitized.

As to the physical surveillance logs, the government references the "SSG" but fails to identify which surveillance reports are SSG implicated. Defense counsel cannot tell; the reports are already heavily redacted. The logs do not reveal any SSG tactics

5

whatsoever; the reports do not detail pre- or post-surveillance briefing, method of disguise, or anything other than what the surveilling agents observed (e.g., "Naser . . . played with a child in the front yard of his residence" and "Naser attached the Mr. Cheese Pizza delivery sign to the top of the silver Honda Accord" and "Naser went to work." (Bates 9404-06.)). And perhaps most importantly, the government concedes "the fact that Naser was surveilled is no secret, and the techniques used by SSG are not necessarily sophisticated." (Gov't Resp., ECF No. 142, PageID.1340.)

The burden to show good cause belongs to the government and cannot be met with mere allegations of harm. See, e.g., *United States v. Jones*, No. 06-149, 2007 WL 4358227, at *1 (E.D. Tenn. Dec. 13, 2007). "Good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" *United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) (quotation omitted); *see also Anderson v. Cryovac, Inc.*, 805 F.2d 1, 8 (1st Cir. 1986) (finding of harm "must be based on a particular factual demonstration of potential harm, not on conclusory statements") (collecting cases); *United States v. Talco Contractors, Inc.,* 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

Finally, the government does not even acknowledge the burdens on Naser's defense that result from the protective order in its current form. Defense counsel has reiterated these burdens to the government and to the Court on multiple occasions. It has resulted in difficulty reviewing discovery and without question has hampered Naser's ability to participate in his own defense.

The government offers no meaningful reason the items Naser has identified need to be kept secret. Naser reserved the right to challenge the designation of items under the protective order. (Protective Order, ECF No. 18, ¶6.)  This is the Court's first opportunity to review the labeling. This Court should find that the items Naser has identified need not be marked sensitive.

## **CONCLUSION**

For the foregoing reasons, Naser requests that this Court deny the government's undocketed motion to withdraw its previously filed exhibits, unseal those exhibits, and move the items Naser specified in ECF No. 128 to "General" discovery.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/Amanda Bashi & James Gerometta
JAMES GEROMETTA & AMANDA N. BASHI
Attorneys for Aws Naser
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5842
james_gerometta@fd.org / amanda_bashi@fd.org

Dated:  June 13, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the parties of record.

Signed,

s/Amanda N. Bashi

Dated:  June 13, 2024