UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  CRIMINAL NO. 22-CR-20504

v.                               HON. JONATHAN J.C. GREY

AWS MOHAMMED NASER,

        Defendant.

**GOVERNMENT'S EMERGENCY MOTION TO QUASH SUBPOENA ISSUED PURSUANT TO FED. R. EVID. 17(c) AND TO UNSEAL MATTERS RELATED TO RULE 17 SUBPOENAS**

    The United States of America, by and through its attorneys, Dawn N. Ison, United States Attorney, Saima Mohsin, Assistant United States Attorney for the Eastern District of Michigan, and Dmitriy Slavin, Trial Attorney at the National Security Division, files this emergency motion to quash a Rule 17(c) subpoena issued to the Michigan Department of Corrections (MDOC) for witness statements related to the June 20, 2024, evidentiary hearing, and to unseal matters related to the Rule 17 subpoenas. On information and belief, it appears

Naser has moved the court, *ex parte*, for a Rule 17(c) subpoena to obtain: "Any and all communications, including written, email and text messages, between the MDOC (specifically Michael Eagen, Cynthia Simon, Derrick Bond, Charles Wright, and William Rogers or any supervisor of the West Operations Office) and the Federal Bureau of Investigations or federal law enforcement agencies, including their task for officers, concerning Aws Naser MDOC No. 895010" for use at the June 20, 2024, evidentiary hearing on Naser's motion to suppress evidence. Notably, Simon, Bond, Wright, and several of the FBI agents and task force officers will be witnesses at that hearing. The issuance of a Rule 17 subpoena to obtain witness statements and other documents that are otherwise covered by the rules of discovery is improper under the rule and Supreme Court precedent. Therefore, the subpoena should be quashed, any sealed matters related to the motion should be unsealed, and the government should be afforded an opportunity to be heard.

## BACKGROUND

On February 12, 2024, Naser filed a motion to suppress evidence seized pursuant to six federal search warrants. R. 94. Naser's

2

arguments focused on the conduct of Michigan Department of Corrections (MDOC) parole agents, including Charles Wright, Cynthia Simon, and Derrick Bond, and their relationships with FBI agents and task force officers.

The United States has provided the defense with documents from the MDOC that are in the government's possession and are discoverable under Rule 16 and the *Brady/Giglio* line of cases. The United States will provide additional statements of the witnesses that will testify at that hearing on the hearing date, consistent with its obligation to provide witness statements under Federal Rule of Criminal Procedure 26.2. Statements of other witnesses will be provided following the dictates of the *Jencks* Act.

## ARGUMENT

**1. Rule 17 expressly forbids seeking the information demanded**

The discovery process is the only way the defense can obtain the statements it requests. *United States v. Nixon*, 418 U.S. 683, 698 (1974) (The subpoena *duces tecum* "was not intended to provide a means of discovery for criminal cases"); *United States v. Llanez-Garcia*, 735 F.3d

3

483, 494 (6th Cir. 2013) ("The Supreme Court has cautioned . . . that Rule 17(c) is not meant to provide an additional way to secure pretrial discovery"); *United States v. Felton*, No. 14-20529, 2017 WL 2276990 at * 2 (E.D. Mich. May 25, 2017) ("Rule 17(c) . . . is not intended to supplement or authorize a broader scope of discovery in criminal cases than that which is already provided under Rule 16, Rule 26.2, the *Jencks* Act, and the *Brady/Giglio* line of cases.").

Rule 17(h) specifically forbids using a subpoena to seek the type of documents defense seeks here: "Information Not Subject to a Subpoena. No party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement." Three of the MDOC employees whose communications the subpoena requires to be produced will be appearing at the June 20 hearing. The subpoena response will likely also capture the statements of FBI Special Agent Tim Reintjes and former FBI Task Force Officer Megan McAteer, who are likewise prospective witnesses at the hearing. The vast majority, if not all, the communications the subpoena requests will fall squarely within this prohibition.

4

Naser cannot meet Rule 17's other requirements either. Rule 17 requires the requested documents to be (1) evidentiary and relevant; (2) not otherwise procurable, with due diligence, in advance of trial; (3) necessary for preparation for trial; and (4) not sought as part of a fishing expedition. *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (citing *Nixon*, 418 U.S., at 699).

The requested statements are not evidentiary and relevant for trial, and Rule 17 is meant for trial preparation, not pre-trial matters. The United States has shown through its briefing that the stalking-horse theory Naser is using does not apply to the search in dispute; it certainly will not be a proper defense at trial. Accordingly, these communications will not be admissible or relevant for trial.

Naser has not demonstrated that the documents he seeks are "not otherwise procurable." Even if he could overcome the "evidentiary and relevant" hurdle, the *Jencks* Act, Rule 26.2, and Supreme Court precedent govern the timing and production of witness statements. At this time, the Government's obligation to produce the statements of testifying witnesses has not yet been triggered. Thus, Naser will receive

5

any documents he is entitled to that are in the Government's possession directly in accordance with the *Jencks* Act and the discovery rules.

Naser also cannot demonstrate that the communications are necessary for his preparation for trial. He seeks the statements for a suppression hearing, not for trial preparation. Naser's request is a fishing expedition, and an "end run" around the discovery rules, so he also fails the fourth requirement. *See United States v. Reid*, No. 10-20596, 2011 WL 5075661, at *3 (E.D. Mich., Oct. 26, 2011) ("where . . . the defendant seeks materials from the government, the *Nixon* factors must be construed narrowly so as to avoid the use of Rule 17 as an end-run around the limitations of Rule 16. The two Supreme Court cases interpreting Rule 17—*Bowman Dairy* and *Nixon*—make abundantly clear that it is not a rule of discovery.").

Because the subpoena is forbidden under Rule 17(h), and because Naser cannot meet the requirements of Rule 17, it should be quashed.

2. **The United States should be provided more information on this request, or a justification for withholding that information**

Because the application for this subpoena was filed *ex parte*, the United States is unable to determine whether the other requirements of

6

Federal Rule of Criminal Procedure 17 or Local Criminal Rule 17.1(b) were followed. The local rule allows a party to seek the Court's approval for production of Rule 17(c) materials before trial *ex parte*. While several other districts allow this procedure, it is not universal. *See United States v. Tutt*, No. 13-CR-20396, 2013 WL 4803486 (E.D. Mich. Sept. 9, 2013) ("there is a disagreement among courts as to whether Rule 17(c) subpoenas may issue *ex parte*.").

Notably, most courts around the country require some form of notice be served upon the opposing party. *See United States v. Finn*, 919 F. Supp. 1305, 1330 (D. Minn.), adopted, 911 F. Supp. 372 (D. Minn. 1995), and aff'd sub nom. *United States v. Pemberton*, 121 F.3d 1157 (8th Cir. 1997) ("Accordingly, we deny Pemberton's Motion for leave to issue Rule 17(c) Subpoenas without a particularized showing to the Court, and we further direct that, in requesting an Order for the issuance of a pretrial Subpoena, the Defendants duly notify the Government of their request."); *United States v. Beckford*, 964 F. Supp. 1010, 1030 (E.D. Va. 1997) ("a party seeking an *ex parte* pre-trial subpoena duces tecum will be able to serve a motion on the adversary asking that the subpoena ultimately be issued *ex parte* and explaining

7

why it is necessary to proceed *ex parte*."); *United States v. Fulton*, No. 13-261, 2013 WL 4609502, at *1 (D.N.J., Aug. 29, 2013) ("The plain language of Rule 17(c) is silent, however, as to the availability of an *ex parte* procedure, and some courts have held that the rule does not permit applications for the pretrial production of documents without notice to the opposing party.").

Some courts permit a party to apply for a Rule 17(c) subpoena without giving notice to the other party under certain circumstances. However, those courts typically require that the party seeking the *ex parte* application demonstrate a special need for not giving notice to the other party. *See Beckford*, 964 F. Supp. At 1030 (E.D. Va. 1997) (permitting *ex parte* applications only "[i]n those rare situations where mere disclosure of the application for a pre-trial subpoena would: (i) divulge trial strategy, witness lists or attorney work-product; (ii) imperil the source or integrity of subpoenaed evidence; or (iii) undermine a fundamental privacy or constitutional interest of the defendant, the *ex parte* process could be available on a proper showing."); *United States v. Tomison*, 969 F.Supp. 587, 595 (E.D.Cal.1997) (holding that Rule 17(c) should be interpreted to provide

8

for *ex parte* applications in situations where a defendant cannot make the required showing under *Nixon* without revealing trial strategy); Wright & Miller, 2 Fed. Prac. & Proc. Crim. § 275 (4th ed.) ("It has been held, however, that in limited circumstances, both the government and a defendant may make an *ex parte* application for a pre-trial subpoena *duces tecum*."); *Fulton*, 2013 WL 4609502, at *2 (D.N.J. Aug. 29, 2013) ("Courts which have permitted *ex parte* applications pursuant to Rule 17(c) have by and large held that, in addition to establishing the basic subpoena requirements set forth in *Nixon*, the moving party must demonstrate that proceeding *ex parte* is justified by some exceptional circumstance."); *United States v. Fox*, 275 F. Supp. 2d 1006, 1012 (D. Neb. 2003) ("the law, particularly Rule 17(c), does not ordinarily permit the use of *ex parte* applications by the government or the defense for subpoenas seeking pretrial production of documents unless the sole purpose of seeking the documents is for use at trial."); E.D. Ky. LCrR 17.2(c) ("Notice of filing shall be given to opposing counsel unless the Court, for good cause shown, authorizes the filing of an *ex parte* motion without notice to the opposing party."); N.D. Cal. LCrR 17-2 (a)(1) ) ("An

9

*ex parte* motion and order thereon may be filed under seal for good cause.").

Naser's Rule 17 subpoena compels production of email and text communications that fall directly within the purview of Rule 26.2 for use not during trial, but during a pretrial evidentiary hearing where trial strategy is likely not implicated. It is therefore difficult to conceive of any reason why Naser failed to file a motion or, at a minimum, provide notice to the United States of his request for a Rule 17 subpoena.

### 3. The United States should be given the opportunity to argue for the quashing of the subpoena

The United States learned of this subpoena one business day before the hearing and has not previously had a chance to oppose it. It should be given that opportunity. Courts in this district have given the Government the opportunity to respond to *ex parte* applications for Rule 17 subpoenas. "[W]hen Rule 17(c) is used to obtain documentary evidence in advance of trial, the application should be reviewable by all parties to the proceeding. . . . Without a response from the Government, the Court will have difficulty assessing whether Defendant has made the requisite showing under *Nixon* for the production of the requested

evidence." *United States v. Tutt*, No. 13-CR-20396, 2013 WL 4803486, at *3 (E.D. Mich. Sept. 9, 2013). *See Felton*, 2017 WL 2276990 at *2 (permitting government response to *ex parte* application.). *But see United States v. Cooper*, No. 08-20464, 2009 WL 416430, at *3 (E.D. Mich. Feb. 18, 2009) (permitting *ex parte* application without notice to the government and striking a government response, but then also denying the defendant's motion for a subpoena.). Because the items requested here fall squarely within the Government's discovery responsibilities and Rule 17(h), the Government should have the opportunity to be heard.

## CONCLUSION

For these reasons, the subpoena should be quashed, any sealed matters related to the motion should be unsealed, and the government should be afforded an opportunity to be heard.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*/s/ Saima S. Mohsin*
SAIMA S. MOHSIN
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
Saima.Mohsin@usdoj.gov
(313) 226-9100

*/s/ Dmitriy Slavin*
DMITRIY SLAVIN
Trial Attorney
Dmitriy.Slavin@usdoj.gov

Date: June 18, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the parties of record.

>*/s/Saima S. Mohsin*
>SAIMA S. MOHSIN
>Assistant United States Attorney
>211 West Fort Street, Suite 2001
>Detroit, MI 48226
>Saima.Mohsin@usdoj.gov
>(313) 226-9100

Date: June 18, 2024