UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                               Case No. 22-20504

v.                                       HON. JONATHAN J.C. GREY

AWS MOHAMMED NASER,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION
TO SUPPRESS EVIDENCE OBTAINED OUTSIDE THE SCOPE
OF THE JANUARY 4, 2013 SEARCH WARRANT (ECF No. 140)**

**I.    INTRODUCTION**

Defendant Aws Naser moves the Court to suppress evidence that FBI agents seized from a vehicle outside of his residence on January 4, 2013. (ECF No. 140.) Naser's partner gave officers consent to search it, but Naser argues that the search of the vehicle exceeded the scope of a search warrant for a residence. The government filed a response (ECF No. 146), and Naser did not reply. Neither party requested a hearing, and the Court finds that the parties have adequately briefed the motion. Accordingly, the Court considers the motion without oral argument. E.D. Mich. LR 7.1(f). For the reasons that follow, the motion is **DENIED**.

## II.  BACKGROUND

Naser is charged in count one of the second superseding indictment with attempting to provide material support and resources to a foreign terrorist organization, and in count two with possessing a destructive device as a felon. (*See* ECF No. 162.) By 2013, Naser had been subject to FBI surveillance for several years as a result of an incident on the Henry Ford Community College campus in 2011, where he allegedly was preaching "Jihad rhetoric" in Arabic.

On January 1, 2013, Naser committed an armed robbery at a gas station at which he previously was employed. On January 4, 2013, Bloomfield Township Police Department officers arrested Naser for the armed robbery. Contemporaneous with the arrest, the FBI executed a federal search warrant, obtained on January 3, 2013, to search Naser's residence for evidence of financial structuring, in violation of 31 U.S.C. § 5324(a)(3).

During the execution of the search warrant, officers observed a 1998 Honda Accord parked in the driveway. Based on its surveillance, the FBI knew that both Naser and Noor Al-Bahiya, his partner, used the vehicle. FBI agents had observed Al-Bahiya driving the vehicle the

2

previous day (January 3, 2013). Further, Al-Bahiya was home when agents executed the search warrant, and she told FBI agents that she intended to drive the vehicle to class to take a test later that day. During the search of the residence, Al-Bahiya gave the FBI oral and written consent to search the 1998 Honda Accord and "any items [in the vehicle] that they determine may be related to their investigation." (ECF No. 146, Ex. 1.) Agents found a cane sword[1] and pepper spray in the trunk of the vehicle and seized those items.

Naser was charged with armed robbery in state court. After the state court judge denied Naser's motion to suppress evidence of the pepper spray (*Id.* at Ex. 2 at 57), the pepper spray was introduced as evidence at Naser's armed robbery trial. Naser was convicted of armed robbery in state court, but he has never been charged with any financial structuring offenses in any jurisdiction.

## III. ANALYSIS

Naser argues that the FBI's search of the 1998 Honda Accord and the seizure of the pepper spray and the cane sword exceeded the probable

---

[1] The FBI previously discovered the cane sword in Naser's checked luggage when he tried to board a flight from Detroit, Michigan to Irbil, Iraq on November 7, 2021. The government alleges that Naser intended to join an associate who was a member of a foreign terrorist organization, however, Naser was not allowed to board the flight.

cause set forth in the search warrant, as those items had no relationship to the allegation of financial structuring and are not, standing alone, unlawful. The Court, however, finds that it need not reach Naser's argument that the FBI's search exceeded the scope of the search warrant.

Instead, because Al-Bahiya knowingly and voluntarily consented to a search of the 1998 Honda Accord on January 4, 2013 (ECF No. 146, Ex. 1; Ex. 2 at 56), the Court finds that the search of the vehicle was permissible and constitutional. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990) (internal citations omitted) (a warrantless search is permissible in "situations in which voluntary consent has been obtained, either from the individual whose property is searched, or from a third party who possesses common authority over the premises."); *Georgia v. Randolph*, 547 U.S. 103, 106 (2006) (citing *Rodriguez* when stating, "The Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained.").

In this case, both Al-Bahiya and Naser used and drove the 1998 Honda Accord. It is undisputed that Al-Bahiya: (a) drove the car on

January 3, 2013, and (b) told FBI agents during the January 4, 2013 search of Naser's residence that she wanted to leave and take the car later that day because she had a test at school. For that reason, the FBI agents concluded that Al-Bahiya had "use and control over the vehicle" (ECF No. 146, Ex. 2 at 16), asked Al-Bahiya to consent to a search of the vehicle, and obtained her oral and written consent to search the vehicle. Moreover, it is undisputed that the car was registered (titled) in Al-Bahiya's name, not Naser's. As the state court held, and the U.S. Supreme Court has long recognized, because Naser and Al-Bahiya were not legally married, Al-Bahiya "alone ha[d] the independent right to consent to the search of the vehicle. She d[id]n't need [Naser's] permission or any other person's permission to search it." (*Id.* at 56); *see also Rodriguez*, 497 U.S. at 181.

Based on the record before this Court, it is undisputed that Al-Bahiya orally agreed to a search of the vehicle before she left for school. It also is undisputed that Al-Bahiya then signed a written consent search form with respect to the vehicle that gave permission to the FBI to search the vehicle and seize whatever items the FBI believed related to its investigation. (ECF No. 146, Ex. 1.) The Court finds that Al-Bahiya's

5

consent alone authorized the FBI to conduct a warrantless search of the 1998 Honda Accord on January 4, 2013.

Even if Al-Bahiya were determined to only possess common authority over the 1998 Honda Accord on January 4, 2013, her consent to search the vehicle would be constitutionally sufficient to sanction the warrantless search and seizure of the pepper spray and the cane sword. *See, e.g., United States v. Matlock*, 415 U.S. 164, 170 (1974) ("the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom authority is shared."). *See also Randolph*, 547 U.S. at 106; *Rodriguez*, 497 U.S. at 181.

For the reasons stated above, the Court **DENIES** the motion.

## IV. CONCLUSION

Accordingly, and for the reasons stated above, **IT IS ORDERED** that Naser's motion to suppress evidence obtained outside the scope of the 2013 search warrant (ECF No. 140) is **DENIED**.

**SO ORDERED.**

Dated: December 30, 2024     **s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

6

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email on the Notice of Electronic Filing on December 30, 2024.

**s/ S. Osorio**
Sandra Osorio
Case Manager