**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff,                           Case No. 22-20504

v.                                HON. JONATHAN J.C. GREY

AWS MOHAMMED NASER,

     Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO
DISCLOSE AND SUPPRESS FISA MATERIALS (ECF No. 73)**

**I.    INTRODUCTION**

The government charged defendant Aws Mohammed Naser in count one of the second superseding indictment with attempting to provide material support and resources to a foreign terrorist organization and in count two with possessing a destructive device as a felon. (*See* ECF Nos. 1, 158, 162.)

Naser has filed a motion to disclose and suppress FISA materials (ECF No. 73.) Naser moves the Court to: (1) order disclosure of evidence secured pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801 et seq., as amended ("FISA"); and (2) suppress all

information unlawfully acquired or surveillance conducted not in conformity with an order of authorization or approval, as well as any fruits of unlawful surveillance or searches. (*Id.*) As discussed below, the government responded to the motion, but Naser did not file a reply. For the reasons set forth below, the motion is **DENIED**.

## II.    BACKGROUND

On December 21, 2022, the government filed notice of its intent to use information "obtained or derived from electronic surveillance and physical search conducted pursuant to the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. §§ 1801–1812 and 1821–1829." (ECF No. 24.)

Pursuant to 50 U.S.C. § 1806, Naser filed his motion to disclose and suppress FISA materials. (ECF No. 73.) He requests that the Court:

1.  Compel the government to determine if the Attorney General will submit an affidavit attesting that disclosure of FISA applications, FISA orders, and other FISA materials in this case would harm national security;

2.  Provide Mr. Naser a copy of the Attorney General affidavit, if filed;

3.  Conduct an in camera, ex parte inspection of any FISA applications, FISA orders, and FISA materials, and determine whether the surveillance was lawfully authorized and appropriately conducted;

4. Disclose any FISA applications, FISA orders, and FISA materials to defendant's counsel because such disclosures are necessary to make an accurate determination of the legality of the surveillance; and

5. Suppress all information unlawfully acquired or surveillance conducted not in conformity with an order of authorization or approval, and suppress any fruits of unlawful[] surveillance or searches.

(*Id.* at PageID.377.)

In opposition to the motion, the government filed on the docket an unclassified memorandum in opposition to the motion (ECF No. 90), to which it attached a Declaration and Claim of Privilege of an Assistant Attorney General for National Security ("Declaration and Claim of Privilege"). (ECF No. 90-1.) The government also provided the Court sealed envelopes containing classified documents for the Court's in camera, ex parte review. The classified documents include: (a) the unredacted memorandum in opposition to Naser's motion, to which the Declaration and Claim of Privilege was attached; (b) certified copies of the relevant FISA materials; (c) a Declaration by an FBI Supervisory Special Agent as to the manner in which the FISA collection was conducted; and (d) a Declaration by an Assistant Director of the Counterterrorism Division of the Federal Bureau of Investigation in

support of the Declaration and Claim of Privilege.

## III.   FISA

FISA authorizes the Foreign Intelligence Surveillance Court ("FISC") to issue orders that allow officers of the Executive Branch to use electronic surveillance and physical searches against a "foreign power" or an "agent of a foreign power" after a high-ranking official certifies that a "significant purpose" for the search is to collect "foreign intelligence information." 50 U.S.C. §§ 1801(a), (b), 1804(a)(6)(B), 1821(1), 1823(a)(6)(B). Where such surveillance is directed at a "United States person," i.e., "a citizen of the United States . . . [or] an alien lawfully admitted for permanent residence . . . ," the surveillance or physical search, as a general rule, can only occur pursuant to an order from the FISC. 50 U.S.C. § 1801.

Before conducting surveillance or a physical search, the United States must submit to the FISC an ex parte FISA application approved by the Attorney General (or certain other designated high-ranking officials) and containing specific information. 50 U.S.C. §§ 1804(a), 1823(a). The FISC cannot consider an application for FISA surveillance or searches, or issue an order authorizing FISA surveillance or searches,

unless the officer has confirmed that they have conducted the requisite reviews. The applications for electronic surveillance or physical searches must include a statement of proposed minimization procedures, as outlined in 50 U.S.C. §§ 1801(h) and 1821(4), respectively. 50 U.S.C. §§ 1805(c), 1824(c).

The purpose of the FISA order and surveillance is to obtain "foreign intelligence information," which includes information that "relates to, and if concerning a United States person is necessary to, the ability of the United States to protect against . . . actual or potential attack or other grave hostile acts of . . . an agent of a foreign power [and/or] international terrorism by . . . an agent of a foreign power." 50 U.S.C. § 1801(e). A FISA application for electronic surveillance must contain certain information, including:

1. the identity, if known, or a description of the specific target of the electronic surveillance;

2. a statement of the facts and circumstances supporting the belief that the target "is a foreign power or an agent of a foreign power" and that each facility or place "at which the electronic surveillance is directed is being used, or is about to be used, by a foreign power or an agent of a foreign power;"

3. a statement of the proposed minimization procedures to be followed;

4.      a detailed description of the nature of the information sought and the type of communications or activities to be subjected to the surveillance;

5.      the manner or means by which the electronic surveillance or physical search will be effected and a statement whether physical entry is required to effect the electronic surveillance;

6.      the facts concerning and the action taken on all previous FISA applications involving the target, facilities, places, premises or property specified in the application; and

7.      the duration of the electronic surveillance.

50 U.S.C. § 1804(a)(1)–(13). Applications for physical searches under FISA must contain substantially similar information, 50 U.S.C. § 1823(a)(1)–(11), but such applications must show probable cause that "the premises or property to be searched contains foreign intelligence information," 50 U.S.C. § 1823(a)(3)(B), and state "what investigative techniques have previously been utilized to obtain the foreign intelligence information concerned and the degree to which these techniques resulted in acquiring such information." 50 U.S.C. § 1823(a)(8).

After the Attorney General certifies the application, the Department of Justice submits it to the FISC for review. A FISC judge can issue an order authorizing a FISA surveillance or search on finding

the following:

   a. the application has been made by a Federal officer and has been approved by the Attorney General;

   b. there is probable cause to believe that the target of the electronic surveillance is a foreign power or an agent of a foreign power;

   c. the facilities or places at which the electronic surveillance is directed is being used, or is about to be used, by a foreign power or an agent of a foreign power, or that the premises or property to be searched is or is about to be owned, used, possessed by or in transit to or from an agent of a foreign power or a foreign power;

   d. proposed minimization procedures meet the statutory requirements set forth in 50 U.S.C. § 1801(h) (electronic surveillance) or 50 U.S.C. § 1821(4) (physical search); and

   e. the application contains all the statements and certifications required by section 1804 or section 1823 and, if the target is a United States person, the certifications are not clearly erroneous on the basis of the statement made under § 1804(a)(7)(E) or § 1823(a)(7)(E), and any other information furnished under § 1804(d) or § 1823(c).

*See* 50 U.S.C. §§ 1805(a)(1)–(4), 1824(a)(1)–(4).

The FISC issues its orders ex parte. 50 U.S.C. §§ 1805(a), 1824(a)(1). FISA orders must specify:

   i.    the identity of the target of electronic surveillance or physical search; the nature and location of the facilities or places at which the electronic surveillance will be directed, or of each of the premises or property to be searched;

   ii.   the type of information sought to be acquired and the type of

7

communications or activities to be subjected to the surveillance, or the type of information, material or property to be seized, altered or reproduced;

iii.  the means by which electronic surveillance will be effectuated and whether physical entry will be necessary to effectuate the surveillance, or a statement of the manner in which the physical search will be conducted;

iv.  the authorized scope of the coverage of the physical search, or the period of time during which the electronic surveillance is approved; and

v.  the applicable minimization procedures.

50 U.S.C. §§ 1805(c), 1824(c). FISA surveillance of United States persons can last for ninety days, 50 U.S.C. §§ 1805(e)(1), 1824(d)(1), and be extended on filing and approval of another application and issuance of another order complying with the requirements of FISA. 50 U.S.C. §§ 1805(d)(5), 1824(d)(2).

The statutes require the Attorney General to adopt minimization procedures for acquiring, retaining, and disseminating FISA-obtained information. These procedures must be:

reasonably designed in light of the purpose and technique of the particular surveillance, to minimize the acquisition and retention, and prohibit the dissemination, of nonpublicly available information concerning unconsenting United States persons consistent with the need of the United States to obtain, produce, and disseminate foreign intelligence information.

50 U.S.C. §§ 1801(h)(1), 1821(4). The minimization procedures can include "procedures that allow for the retention and dissemination of information that is evidence of a crime which has been, is being, or is about to be committed and that is to be retained or disseminated for law enforcement purposes." 50 U.S.C. §§ 1801(h)(3), 1821(4)(c). Before the government can use such information for law enforcement purposes, the Attorney General must have provided advance authorization. *See* 50 U.S.C. §§ 1806(b), 1825(c).

An "aggrieved person" can move to suppress FISA-derived evidence that the government seeks to use in a criminal case. An "aggrieved person" is a "person who is the target of an electronic surveillance or any other person whose communications or activities were subject to electronic surveillance," 50 U.S.C. § 1801(k), or a "person whose premises, property, information, or material is the target of physical search or any other person whose premises, property, information, or material was subject to physical search." 50 U.S.C. § 1821(2). An aggrieved person can file a suppression motion asserting that the government acquired the information unlawfully or failed to conduct the FISA surveillance or search in conformity with the FISA order. 50 U.S.C.

§§ 1806(e), 1825(f).

FISA provides that if "the Attorney General files an affidavit under oath that disclosure or an adversary [suppression] hearing would harm the national security of the United States," "notwithstanding any other law," a district court must conduct an in camera and ex parte review of "the application, order, and such other materials relating to the surveillance [or physical search] as may be necessary to determine whether the surveillance [or physical search] of the aggrieved person was lawfully authorized and conducted." 50 U.S.C. § 1825(g).

In the Declaration and Claim of Privilege, the Assistant United States Attorney General for National Security stated that the disclosure of the requested materials or an adversarial hearing on Naser's motion would be harmful to the security of the United States. (ECF No. 90-1, PageID.530 at ¶ 3.) Since the Declaration was filed, FISA requires that the Court "review *in camera* and *ex parte* the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted." 50 U.S.C. §§ 1806(f), 1825(g).

In conducting the review, the Court is to disclose to the aggrieved

person the applications, orders, or other materials related to the surveillance or search "only where such disclosure is necessary to make an accurate determination of the legality of the surveillance [or the search]." 50 U.S.C. §§ 1806(f), 1825(g). Under FISA, such disclosures are the exception, not the rule. *See, e.g., United States v. Belfield*, 692 F.2d 141, 147 (D.C. Cir. 1982) (emphasis in original) ("The language of section 1806(f) clearly anticipates that an *ex parte, in camera* determination is to be the rule. Disclosure and an adversary hearing are the exception, occurring *only* when necessary.").

If the court determines after its in camera review that the FISA surveillance was lawful, it must deny a defendant's motion for disclosure of the FISA materials and suppression of the fruits of the FISA collection, "except to the extent that due process requires discovery or disclosure." 50 U.S.C. §§ 1806(g), 1825(h).

## IV.   ANALYSIS

Naser seeks to discover: (1) all evidence, intelligence, counterintelligence, FISA applications, FISA orders, and all information concerning surveillance of him; and (2) the national security justification for all governmental actions concerning him. (ECF No. 373, PageID.373.)

Naser also asks the Court to suppress information and material obtained unlawfully, as well as any fruits of searches supported by unlawfully obtained material. (*Id.*) In the motion, Naser does not specifically: (a) request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978); (b) challenge that he is—or at least that there is evidence that he is—an agent of a foreign power; (c) argue that the probable cause standard was not met; (d) assert that foreign intelligence was not a significant purpose of the government's collection pursuant to FISA; (e) raise a due process challenge; or (f) contend that agents conducting the collection pursuant to FISA may not have properly followed minimization procedures or otherwise violated other provisions of FISA.

Based on the Declaration and Claim of Privilege, the Court finds that Naser's first and second requests for relief have been satisfied and are now moot. Further, as the Court has conducted an in camera, ex parte review of the FISA materials submitted to the Court under seal, in accord with §§ 1806(f) and 1825(g), Naser's third request for relief also is moot.

The Court thus turns to whether it needs to disclose any of the FISA materials to Naser or his counsel in order to make an accurate determination of the legality of the surveillance and suppress any

information acquired as a result of unlawful surveillance searches.

## A.    Findings

In the Declaration and Claim of Privilege, the Assistant Attorney General for National Security states that disclosure or an adversary hearing would harm national security. (ECF No. 90-1, PageID.530–531.) Under FISA, the Court cannot second-guess that representation. *United States v. Amawi*, 531 F. Supp. 2d 832, 837 (N.D. Ohio 2008) (quotations and citation omitted) (Congress intended that the reviewing court "have no greater authority to second-guess the executive branch's certifications than has the FISA judge"). *See also United States v. Zubaydah*, 595 U.S. 195, 205 (2022) (quoting *Dep't of Navy v. Egan*, 484 U.S. 518, 530 (1988) (explaining in the context of the state secrets privilege that while courts cannot abdicate their proper role concerning the evidence in a case, "[n]onetheless, in assessing the Government's claim that disclosure may harm national security, courts must exercise the traditional 'reluctan[ce] to intrude upon the authority of the Executive in military and national security affairs'")). Accordingly, the Court conducts its review of the lawfulness of the FISA surveillance, including the adequacy of the Declaration and Claim of Privilege regarding the basis for nondisclosure

of FISA material, in camera and ex parte, without the prior disclosure of

the FISA material to, or participation of, Naser's counsel.

In this case, the Court reviewed Naser's motion and the

government's response before conducting an in camera and ex parte

review of the materials submitted by the United States. The Court finds:

1.  The President has authorized the U.S. Attorney General to approve applications to the FISC for electronic surveillance and for physical search for foreign intelligence information and purposes;

2.  Each FISA application was made by a federal officer and approved by the Attorney General as required by 50 U.S.C. §§ 1805(a)(1) and 1824(a)(1);

3.  Each FISA application contained facts establishing probable cause to believe that the target of the electronic surveillance, physical search, or both, was at the time an agent of a foreign power as required by 50 U.S.C. §§ 1801(b)(2), 1805(a)(2)(A), 1824(a)(2)(A);

4.  No United States person was determined to be an agent of a foreign power solely upon the basis of activities protected by the First Amendment to the U.S. Constitution in accordance with 50 U.S.C. §§ 1805(a)(2)(A) and 1824(a)(2)(A);

5.  Each FISA application made pursuant to 50 U.S.C. § 1804 contained facts establishing probable cause to believe that each of the facilities or places at which the electronic surveillance was directed was being used, or was about to be used, by a foreign power or an agent of a foreign power as required by 50 U.S.C. § 1805(a)(2)(B);

6.  Each FISA application made pursuant to 50 U.S.C. § 1823

contained facts establishing probable cause to believe that the premises or property to be searched was or was about to be owned, used, possessed by, or was in transit to or from, an agent of a foreign power or a foreign power as required by 50 U.S.C. § 1824(a)(2)(B);

7.    Each FISA application made pursuant to 50 U.S.C. § 1823 contained facts establishing probable cause to believe that the premises or property to be searched contained foreign intelligence information as required by 50 U.S.C. §§ 1823(a)(3)(B) and 1824(a)(4);

8.    The minimization procedures incorporated into the FISA application(s) and FISC order(s) met the requirements of 50 U.S.C. §§ 1801(h) or 1821(4)—as required by 50 U.S.C. §§ 1805(a)(3) and 1824(a)(3)—and the government implemented such minimization procedures in conformity with an order of authorization or approval;

9.    Each FISA application contained all the statements and certifications required by 50 U.S.C. §§ 1804 or 1823 in accordance with 50 U.S.C. §§ 1805(a)(4) or 1824(a)(4);

10.   No certification in an application for a target who was at the time a United States person was clearly erroneous based on the statement made pursuant to 50 U.S.C. §§ 1804(a)(6)(E) or 1823(a)(6)(E) or any other information furnished under 50 U.S.C. §§ 1804(c) or 1823(c), as required by 50 U.S.C. §§ 1805(a)(4) and 1824(a)(4);

11.   A "significant purpose" of the United States' collection pursuant to FISA was to collect foreign intelligence information in accordance with 50 U.S.C. §§ 1804(a)(6)(B) and 1823(a)(6)(B);

12.   Each FISC order satisfied the requirements of 50 U.S.C. §§ 1805(c) or 1824(c);

13.  Each FISC order also satisfied the requirements of 50 U.S.C. §§ 1805(d) or 1824(d);

14.  Disclosure to the defense of the FISA materials is not required because the Court was able to make an accurate determination of the legality of any electronic surveillance or physical search without disclosing the FISA materials or any portions thereof; and

15.  Due process does not otherwise require disclosure of the FISA materials.

## B.  Disclosure of FISA Materials is Not Warranted

Based on its in camera and ex parte review of the FISA materials, the Court finds that Naser's motion can be resolved based on the FISA materials provided to the Court because they contain all the information necessary to address Naser's motion. The Court finds that the government has established: (1) FISA's requirements for applying for and obtaining orders for electronic surveillance and physical searches were satisfied; (2) that the United States lawfully acquired the information obtained pursuant to FISA; and (3) each electronic surveillance or physical search was conducted in accordance with the FISC order that authorized such surveillance or search.

The Court also finds that Naser's assistance was and is not necessary to make an accurate determination of the legality of any

electronic surveillance or physical search at issue in this matter. *Amawi*, 531 F. Supp. 2d at 837. Accordingly, the Court finds no legal or valid reason to disclose the FISA materials to Naser or his counsel. *See, e.g., United States v. Damrah*, 412 F.3d 618, 624 (6th 2005) (quoting 50 U.S.C. § 1806(f) ("[A] defendant challenging a FISA application may be permitted to review the application and order when disclosure is 'necessary to make an accurate determination of the legality of the surveillance.'"); 50 U.S.C. §§ 1806(f), 1825(g). Accordingly, the Court **DENIES** Naser's request that the Court disclose FISA materials to him or his counsel.

For purposes of making a probable cause determination, the Court conducted a de novo review of the FISA materials in support of each FISC order. *Damrah*, 412 F.3d at 623–624. In addition to the fact that FISA's "significant purpose" standards and its probable cause and particularity requirements comply with the Fourth Amendment, *id.* at 625, the Court's independent review of the FISA materials reflect that each FISC order was properly supported by probable cause.

The Court's review of the certifications in support of each FISA application was conducted with "minimal scrutiny," *United States v.*

*Mohammad*, 339 F. Supp. 3d 724, 736 (N.D. Ohio 2018), and with the understanding that they are to be "presumed valid." *See, e.g., United States v. Hassan*, 742 F.3d 104, 138–139 (4th Cir. 2014); *United States v. Campa*, 529 F.3d 980, 993 (11th Cir. 2008). As the target of each FISA application was a United States person, the Court also evaluated each certification to ensure that it was not "clearly erroneous." *See United States v. Hendricks*, No. 16-CR-265, 2018 WL 1033272, at *4 (N.D. Ohio Feb. 22, 2018) (citations omitted). A certification is clearly erroneous only if, after reviewing all the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Having applied the above standards, the Court concludes that the certifications and applications at issue were made in accordance with FISA's requirements.

Naser does not seek a *Franks* hearing at this time, but his motion contemplates the suppression of all unlawful surveillance and searches, as well as the fruits of such surveillance or searches. However, *Franks* requires that a "defendant [make] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant

affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause" before a hearing on a motion to suppress is held. *Franks*, 438 U.S. at 155–156. Naser has not suggested that there was any warrant affidavit in the FISA materials that contained a false statement, nor did the Court's independent review reveal one. Accordingly, the Court **DENIES** Naser's request that the Court suppress any of the information acquired as a result of the surveillance and searches conducted pursuant to the FISA applications, orders, and materials.

## V.     CONCLUSION

Accordingly, and for the reasons stated above, **IT IS ORDERED** that Naser's motion to disclose and suppress FISA materials (ECF No. 73) is **DENIED**.

**SO ORDERED**.

Date: March 4, 2025                        **s/Jonathan J.C. Grey**
                                           JONATHAN J.C. GREY
                                           UNITED STATES DISTRICT JUDGE

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 4, 2025.

**s/ S. Osorio**
Sandra Osorio
Case Manager
